## TEXAS PACIFIC RAILWAY COMPANY v. BEN WHITE.

### No. 3449.

1.  **Case Adhered to.**—Railway Company v. Johnson, 76 Texas, 421, adhered to, as to liability of railway company for personal injuries inflicted by negligence of the receiver while road was in his charge, and when earnings of the road were applied to betterments, etc.

2.  **Fact Case — Master and Servant — Negligence.** — See facts showing that plaintiff, an employe of the defendant company, while uncoupling cars was thrown down and injured by defective brakebeam; the brakebeam was three inches from the rail, when it should have been six inches. This defect is shown to have been the cause of the injury, and to have been dangerous.

APPEAL from Harrison.    Tried below before Hon. A. J. BOOTY.
The opinion states the case.

*F. H. Prendergast,* for appellant.—1. The evidence showed that the receiver, and not the railway company, was operating the road when plaintiff was injured, and plaintiff should have intervened in the cause when the receiver was appointed.

2.    The court erred in not granting a new trial, because the verdict is contrary to the evidence, in this: There was no evidence that the brakebeam was defective, but that it was shown to be three inches high, and this is not shown to have been a defect under the law.

*Pope, Wilson & Lane,* for appellee, cited Railway v. Johnson, 76 Texas, 421; Railway v. McNamara, 59 Texas, 255; Railway v. Marcelles, 59 Texas, 337; 1 Shearm. & Redf. on Neg., 4 ed., sec. 194, p. 330, and notes 2–5; 7 Am. and Eng. Encyc. of Law, p. 825, sec. 1; Id., p. 830, sec. 2, and notes.

FISHER, JUDGE, *Section B.*—Plaintiff Ben White was injured on October 7, 1888, while coupling cars, he being then in the employ of John C. Brown, receiver of the Texas & Pacific Railway.    Brown was discharged as receiver, and plaintiff prosecuted suit against the railway company.    The railway company claimed that it was not liable for the injury, because the road was operated by Brown as receiver at the time plaintiff was injured, and they took the property from the receiver chargeable only with the payment of such debts as may be charged against it by the court appointing the receiver.    This plea was under oath.    They further claim that there was no defect in the car that caused the injury to the plaintiff.

Verdict and judgment was rendered in favor of appellee against appellant for $3500.

Appellant requested the court to charge the jury to the effect that plaintiff could not recover, because at the time of injury the railway

was operated by John C. Brown as receiver, and not by the railway company. The refusal to give this charge is assigned as error.

The evidence shows that something over $2,000,000 of the net earnings of the railway made during the receivership was expended in betterments and improvement of the property of the railway during the receivership. John C. Brown was discharged as receiver, and the property of the railway company, together with all the improvements and betterments made during the receivership, were delivered back in the possession of appellant without sale. These facts give the appellee a cause of action against appellant. The point has been directly decided against the contention of appellant. Railway v. Johnson, 76 Texas, 421.

The third assignment of error questions the sufficiency of the evidence entitling plaintiff to recover, "because there was no evidence that the brakebeam was defective, but that it was shown to be three inches high, and this is not shown to have been a defect under the law." The evidence on this point is that the appellee was a brakeman on the train, and that he went in between the tender and the cars in order to uncouple the cars, and had succeeded in doing so and turned to go out, and just as he did so the brakebeam on the tender caught his right foot and threw him down and pushed him ahead of it, thereby injuring him. The brakebeam by which he was hurt was too low; it hung about three inches above the rails, and it should have hung about six inches above the rails. The brakeshoe on the brakebeam dragged the rails. If the brakebeam had not been so low as it was he would not have been hurt. Brakebeams usually hang about six inches above the rails. If the brakebeam had hung as they usually hang it could not have caught his foot, and he would not have been injured. The brakebeam was unsafe and dangerous to a person in coupling and uncoupling cars, because it hung too low.

We think this evidence shows that it was a defect in the brakebeam to hang as low as this one did, and that this defect in the brakebeam rendered it dangerous to brakemen in coupling and uncoupling cars to and from the tender, and that this defect occasioned the injuries to appellee.

We report the case for affirmance.

*Affirmed.*