TEXAS & PACIFIC RAILWAY COMPANY v. ROBERT N. HUFFMAN.

No. 3165.

1. **Receivers — Liability of Railway Company.** — A railway company is not liable for the negligence of its receiver *ipso facto*, and has only been so held when it has been alleged and proved on the trial that earnings of the railway while in the hands of the receiver have been invested in betterments of the property which has been returned to the company.

2. **Same—Failure to Charge Upon Material Issues.**—The injury complained of was inflicted while the railway was in the hands of a receiver. Pending suit the road was restored to the company. The plaintiff alleged the expenditure of large

sums in betterments by the receiver, received from the operation of the road while in his control. There was no testimony showing such expenditures, and it was error in the court refusing to instruct that upon such absence of testimony the jury should find for the defendant, the railway company.

3. **Limitation.**—Suit was instituted within one year from the injury, against the receiver of the railway. The road was restored to the company, and within less than a year from the restoration, but more than a year after the injury, the railway company was made a party defendant. *Held*, that the action against the company was not barred. The action against the receiver is practically one against the company.

4. **Safe Machinery—Charge.**—It was improper to charge the jury that "it was the duty of the railway company to furnish employes with good and safe machinery, in good condition, with which to perform the labors and duties of their employment." It is only the duty of the company to use reasonable diligence in furnishing safe machinery for its employes.

5. **Trial Amendment.**—A trial amendment by leave of the court may be filed whether the demurrer to the pleading amended be sustained or overruled by the court.

6. **Charge.**—The charge should not indicate the limit of damages claimed, but such error is not ground for reversal where from the amount of the verdict and other circumstances it appears to have been harmless.

Appeal from Dallas. Tried below before Hon. A. S. Lathrop, Special District Judge.

This is an appeal from a judgment for $3000 damages for injuries to plaintiff's right hand, inflicted while coupling cars of the defendant railway company. The little finger was mashed so as to require amputation; the ring finger is of no use, and the thumb seems to have been injured. The other facts appear in the opinion.

*R. S. Lovett*, for appellant.—1. Plaintiff's petition showing that this suit was not commenced against appellant within one year after the cause of action accrued, appellant's special exception presenting that point should have been sustained. And the undisputed proof being to the same effect, the court should have given to the jury the special charge requested by appellant, directing them to find for appellant on its plea setting up the statute of limitation in bar of plaintiff's right of action. Rev. Stats., art. 3202.

2. The fact that the receiver of a railway, appointed as such by a court of competent jurisdiction, is discharged, and the property in his hands is by order of the court appointing him restored to the company owning it without sale, is not sufficient alone to render such company liable for damages caused by the receiver in operating the railway. If facts exist which make the company liable for such damages, they must be alleged and proved before a judgment against it therefor will be authorized.

3. It is settled beyond controversy, that the test of diligence required of a railway company in furnishing and maintaining proper appliances for the use of its employes is that of ordinary care. Rail-

way v. Bell, 75 Texas, 50; Railway v. Brown, Id., 267; Railway v. McCarthy, 64 Texas, 635; Railway v. Lyde, 57 Texas, 505; Railway v. Oram, 49 Texas, 341.

*Kearby & McCoy*, for appellee.—1. The action when brought against the receiver of appellant in his official capacity was practically an action brought against appellant, and the statute of limitations against appellant ceased to run from the date of filing the original petition against said receiver.

2. J. C. Brown, receiver, was the representative of appellant, though appointed by order of the court, and his servants causing the injury to appellee were the servants of appellant for whose negligence appellant is responsible, and its property having been released from the custody of the receiver as such, stands subject to any claim or charge that may rest upon it. Railway v. Johnson, 76 Texas, 421; Ryan v. Hays, 62 Texas, 48; Bartlett v. Keim, 35 Am. and Eng. Ry. Cases, 15; Gen. Laws 1889, p. 57; Brown v. Gay, 76 Texas, 447, 448.

3. Under the general principles of equity, the original property which came into the hands of the receiver may in any court of competent jurisdiction be followed into the hands of appellant, when restored to him without sale, and subjected to the claim of appellee, irrespective of what may have been added by way of renewals and betterments. Ryan v. Hays, 62 Texas, 47; High on Receivers, sec. 255; Loan Co. v. Railway, 7 Fed. Rep., 542; Howard v. Railway, 7 Wall., 392; In Re Howard, 9 Wall., 175; Adams' Equity, pp. 308, 309; Story Eq. Jur., secs. 1251, 1252; 1 Perry on Trusts, secs. 241, 242.

GARRETT, PRESIDING JUDGE, *Section B.*—Suit by Robert N. Huffman, the appellee, who was a brakeman, for injuries received by him while coupling cars. The injuries were sustained while the property of the appellant, including its railway and franchises, was in the hands of and operated by a receiver, John C. Brown, under appointment of the Federal court at New Orleans. Pending suit the receivership was closed and the receiver discharged, and its property restored to the appellant, which was then made a party defendant to this suit by proper pleading.

Plaintiff was injured October 3, 1887, as alleged in the petition and shown by the proof; and the appellant was brought into the suit May 16, 1889. The defendant company answered, and set up the statute of limitations by a special exception to the plaintiff's petition, which was overruled by the court. It also interposed a general demurrer, which was overruled, as appears from the entry of the final judgment, of date December 30, 1890. Plaintiff was granted leave by the court to file a trial amendment on December 29, 1890. Defendant excepted to the trial amendment, because not such an amendment as required by the

rules, but its exception was overruled.    It pleaded also a general denial, contributory negligence, and specially, that it was not liable in damages for injuries sustained by the plaintiff by the negligence of the receiver.

On trial before a jury, December 30, 1890, verdict and judgment were for the plaintiff against the defendant, the Texas & Pacific Railway Company, the cause having been dismissed as to the receiver, John C. Brown. A motion for a new trial was overruled, and the defendant company has appealed.

A railway company is not liable for the negligence of its receiver ipso facto, and has only been so held where it has been alleged and proved on the trial that earnings of the railway while in the hands of the receiver have been invested in betterments of the property which has been turned over to the company; and this conclusion has been reached from the equitable principle that the company has received the benefit of a fund which was primarily liable for the damages for injuries occasioned by the acts of the receiver.    Railway v. Johnson, 76 Texas, 421, and other cases.    Plaintiff alleged in his trial amendment that receipts from the earnings of the road while in the hands of the receiver had been expended in the betterment of the property to the extent of $2,300,000, but there was no proof to that effect; and it was error to refuse the special instruction requested by the defendant, that in such case the company was not liable, and directing the jury to return a verdict in favor of the company.

There was no error in holding that the cause of action was not barred as to the railway company, which was not made a party until May 16, 1890, more than a year after the injuries were inflicted, but within less than a year after the receiver was discharged and the property restored to the defendant company. · That the receiver was such a representative of the company when the action was brought as to make it practically, then, an action against the company, for which reason it would not abate when he was discharged, but might be further prosecuted against the company, if substituted for the receiver, who had ceased to represent it, has been uniformly held in this class of cases where the company afterward coming into possession of the property is sought to be held liable for the acts of the receiver in case of injuries; and it is really upon the discharge of the receiver that the cause of action arises against the company.

In its charge to the jury the court instructed them, that "it is the duty of defendant to furnish employes with good and safe machinery, in good condition, with which to perform the labors and duties of their employment," etc.    This charge was excepted to, and the action of the court in giving it has been assigned as error, because it required too great a measure of diligence on the part of the company toward its employes in furnishing and maintaining proper appliances for their use.

It is not the duty of the company to furnish safe machinery, but to use reasonable diligence in furnishing safe machinery for its employes. Railway v. Wells, 17 S. W. Rep., 571; see also 53 Texas, 207; 57 Texas, 505; 49 Texas, 342; 75 Texas, 50; 73 Texas, 592.

If the trial amendment to which the defendant addressed a special exception, because it was not such as required by the rules, was filed in response to the overruling of the defendant's demurrer to the plaintiff's petition, there was no error in overruling the exception. Such an amendment may be filed in either event, whether the demurrer is sustained or overruled. District Court Rule 27; Moore v. Moore, 73 Texas, 382.

Testimony was admitted by the court, introduced in behalf of the plaintiff, that he was a man of ordinary intelligence, safe and prudent, and that he never drank, which was excepted to by the defendant as irrelevant. Such testimony would not usually be admissible, but it is contended by the plaintiff that it was offered in reply to evidence on the part of the defendant that the car coupling and draw-head on the car by which plaintiff was injured were in such condition and of such character that a brakeman of ordinary intelligence and carefulness could have worked and made couplings with them in safety. Defendant's evidence may have amounted to an intimation that the plaintiff's want of intelligence contributed to his injury, and thereby made the testimony complained of relevant in rebuttal. But as the case must be reversed for other reasons, and as the error, if any, is not likely to occur on another trial, we express no opinion. For the same reason we deem it unnecessary to consider the exception to the remarks of plaintiff's counsel.

It is not a proper practice for the court in its charge to the jury to limit the amount of recovery by the amount claimed in the petition; but a judgment would not be reversed on that account if from the amount of the verdict and the evidence in the case it should appear that the error was harmless.

For the errors pointed out, we conclude that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*