TEXAS & PACIFIC RAILWAY COMPANY v. J. F. COMSTOCK.

No. 3361.

1. **Liability of Railway Company for Claims Against a Receiver.**—It is settled by repeated decisions, that by reason of the earnings of the road having been invested in betterments upon it, and of the property having been returned to its owner with the improvements upon it, and of the discharge of the receiver, the company became liable to pay all claims accruing against the receiver in operating the road.

2. **Limitation—Suit Against Receiver and the Railway Company.**—A suit for damages for personal injuries caused by negligence brought within twelve months after the injury against the receiver may be prosecuted against the company by making it a party to the suit after the discharge of the receiver. Such proceedings constitute but one suit. No new cause of action is alleged in making the company a party. It is but a continuation of the original suit, seeking recovery against a new party for the original liability, to which it had become substituted by reason of having appropriated the proceeds of a fund upon which the plaintiff had an equitable claim for the satisfaction of his demand.

3. **Case Adhered to.**—Boggs v. Brown, 82 Texas, 41, adhered to.

APPEAL from Tarrant.    Tried below before Hon. R. E. BECKHAM. The opinion states the case.

*Finch & Thompson*, for appellant.— 1.   The court erred in overruling defendant's general demurrer to plaintiff's petition, because the allegations thereof showed a cause of action against John C. Brown alone, but none against this defendant.

2.    A railway company is not liable for the torts of a receiver who has the exclusive control and operation of its railway.   Hicks v. Railway, 62 Texas, 38; Beach on Receivers, sec. 721, and authorities cited.

3.    If a railway company whose property had been improved by a receiver should by order of the proper court resume possession of its railway and property, and thereby become liable for any claim against the receiver, it could only be enforced in the nature of an equitable demand against the company, and such a claim should first be reduced to judgment against the receiver.   The proposition that a claim for unliquidated damages growing out of the tort of one party can, while an unsettled demand, be enforced as an equitable demand against a third party, is unheard of in the history of equity jurisprudence.   1 Pome. Eq. Jur., sec. 178; 3 Pome. Eq. Jur., sec. 1415; Massey v. Gorton, 90 Am. Dec., 287, notes 288–301; Stone v. Mangs, 35 Am. Dec., 119; Brown v. Lang, 36 Am. Dec., 43; Lyons v. Murray, 6 Am. State Rep., 17; Brown v. Railway, 96 Ill., 296; Van Weel v. Winston. 112 U. S., 228.

*Wynne & McCart*, for appellee.— 1.   A railway company is liable for injuries resulting from negligence in the operation of its road while in the hands of a receiver, the receiver having been discharged and the property returned to the company, and the current earnings of the road during the pendency of the receivership having been expended for betterments and improvements of the road.

2.    The filing of plaintiff's original petition was the institution of the suit, and suspended the running of the statute of limitation.   The defendant railway's liability grows out of its liability for the acts and omissions of said receiver under the law, and for the purposes of this suit the receiver was the representative of defendant railway company. Brown v. Gay, 76 Texas, 444.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by the appellee originally against John C. Brown, as receiver of the Texas & Pacific Railway Company, to recover damages for personal injuries alleged to have been caused by a failure to provide a safe platform for the entrance into and egress from its cars by passengers upon the road at its station at Blossom Prairie, and to provide proper lights so that they could pass from the ticket office to the cars in safety.   The appel-

lant was made a party defendant by an amended petition, in which, in addition to the facts which were averred to have caused the injury, it was alleged, that the suit in which the receiver had been appointed had been compromised; that the property of the company had been returned to it, with betterments of the value of two and one-half millions of dollars placed upon it from its net income during the receivership; and that the receiver had been finally discharged. The prayer of the amended petition was for judgment against the railway company alone.

The question of the liability of this appellant for claims which accrued during the receivership of John C. Brown has frequently been considered in this court, and it is settled by repeated decisions, that by reason of the earnings of the road having been invested in betterments upon it, and of the property having been returned to its owner with the improvements upon it, and of the discharge of the receiver, the company became liable to pay all claims of the character of that in suit in this case which accrued during the receivership. Boggs v. Brown, 82 Texas, 41, and cases there cited. In the case here cited it was also held, in effect, that the plaintiff could sue the company, although he had not in the first instance reduced his claim to judgment against the receiver. Therefore the court erred neither in overruling the general demurrer of the railway company nor in refusing to grant a new trial on the ground that the evidence showed no liability on part of the company for the acts of the receivers, servants, and agents.

But the railway company also excepted specially to the petition, on the alleged ground that the allegations showed that the cause of action against it was barred by the statute of limitation of one year. According to the averments in the amended petition, the injury was inflicted on the 5th of April, 1888, and the receiver was discharged on the 31st of October, 1888. The suit was first brought against the receiver only, and the amended petition which made the company a party defendant was not filed until the 28th day of August, 1890. It is insisted that the court erred in overruling the special exception, because if the action was not barred within one year from the time of infliction of the injury, it was barred within one year from time the company resumed possession of the property.

If the suit had not been brought against the receiver within twelve months from the time the liability accrued against him, the action would have been barred as to him, and there would have existed no cause of action against the company. But the record does not show that the suit was not brought against Brown within the proper time. Hence, if it be true that the action was not brought against Brown within the year, the petition not disclosing the fact, it can not be considered on the special exception. It should have been pleaded and proved as the case is presented by the record before us. But we pre-

sume from the brief of appellant, that as a matter of fact the original petition was filed in due time. That petition, however, does not appear in the transcript. Therefore, in considering the ruling upon the exception we will treat the case as if the suit was not barred as to the receiver at the time it was instituted.

Did the amended petition in which a recovery was sought against the railway company set up a new cause of action? We are of the opinion that it should not be so considered. It should be deemed rather a continuation of the original suit, seeking a recovery against a new party for the original liability to which it had become substituted by reason of its having appropriated the proceeds of a fund upon which the plaintiff had an equitable claim for the satisfaction of his demand. Unless, indeed, the company may have been liable for the acts of the receiver by reason of having procured directly or indirectly his appointment, the plaintiff had no cause of action against it until it resumed its property and the receiver was discharged. At that time, as we hold, the receiver ceased to be liable in any capacity, and the company became liable. From the necessity of the case the plaintiff was compelled to prosecute his suit against the latter, since he could not recover against the former. Not having abandoned his former suit, but merely having brought in the party who had become liable to respond to the demand, we think it is to be deemed one continuous suit, and that the statute of limitations can not be invoked to defeat it.

It is complained, also, that the verdict is contrary to the law and the evidence, both upon the issue of negligence on part of the receiver and upon that of contributory negligence on part of the plaintiff. We deem it a profitless task to discuss the testimony. We have carefully considered it, and think it sufficient to warrant the finding of the jury upon both issues. It is more satisfactory than most verdicts which come before us in this class of cases.

If the jury believed the testimony of the plaintiff himself, the damages awarded were not excessive. There is hardly a conflict between his testimony and that of the only witness who testified for the defendant upon any important fact in the case, and the record discloses no reason why the jury should not have given credit to his testimony as to the extent of his injuries. We conclude, therefore, that the damages are not excessive.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered February 26, 1892.

A motion for rehearing was refused.