## Missouri, Kansas & Texas Railway Company et al. v. McFadden & Bro.

### Application No. 799.—Decided November 4, 1895.

**1. Petition for Writ of Error—Rules.**

Rule 1 of this court (87 Texas, XXXVII.) is violated when the petition for writ of error, instead of stating the nature of the case, gives a history of it preliminary to the assignments of error. The petition should not contain such matters unless the statement of the case given by the Court of Civil Appeals is incomplete or incorrect, in which case the proper place to suggest such deficiency or inaccuracy is under the appropriate assignments of error. (Pp. 137-138.)

**.2. Same—Objects of Rule.**

The objects of the rule cited above were to enable counsel, in the application for writ of error, to avail themselves of the statement of the case made by the Court of Civil Appeals without repeating and to save this court from loss of time in reading unnecessary matter. The rule will be rigidly but reasonably enforced. (P. 138.)

APPLICATION for writ of error to the Court of Civil Appeals for Second District, in an appeal from Tarrant County.

*George Thompson,* for M. K. & T. Ry. Co.

*Wynne, McCart & Booty,* for Martin, Wise, and Fitzhugh, for application.

GAINES, Chief Justice.—This action was the result of two suits, both of which were brought by McFadden & Brother against the M. K. & T. Ry. Co. and Martin, Wise & Fitzhugh, which were consolidated. The plaintiffs obtained a judgment against both defendants, which was affirmed in the Court of Civil Appeals. There are two applications for a writ of error in this court—one by the railway company and the other by Martin, Wise & Fitzhugh—neither of which is in compliance with Rule 1 of rules for this court, adopted at the last term. Instead of stating the nature of the case, each of the petitions gives a historical statement

of the case preliminary to the assignments of error. (See Hilliard v. White, this day passed upon.) The opinion of the court gives what seems to be a sufficiently full statement of the pleadings, the facts, and of the question involved, and we doubt if any further statement is necessary to a proper understanding of the issues. We have not, however, felt called upon to compare the several statements in order to determine whether the court has omitted anything which in the opinion of counsel was proper to be brought to the attention of this court. Whether or not such be the fact is not important for our present purpose, for the reason that, if in the opinion of counsel the statement of the case made by the court in its conclusions and opinion is incomplete or incorrect, the proper place to suggest such deficiency or inaccuracy is under the appropriate assignments of error. There may be instances in which it would be proper to supplement or correct the statement of the Court of Civil Appeals preliminary to a presentation of the assignments of error; but, if so, this is not one of them. In any aspect in which we may view the petitions under consideration, they are both faulty in reiterating much that is already presented in the conclusions and opinion of the Court of Civil Appeals.

The object of the rule was twofold. In the first place it was intended to enable counsel, in preparing a petition for a writ of error, to avail themselves of the statement of the case made by the Court of Civil Appeals without repeating by letter or in substance any part of such statement, and thereby to save them unnecessary labor. In the second place it was to save the court the time that would be unavoidably consumed in reading unnecessary matter. The pressue of business upon this court requires that the rule should be rigidly, though reasonably, enforced.

The applicants will be allowed ten days in which to amend their respective petitions.

The applicants having amended in accordance with the directions of the foregoing opinion, writ of error was granted and the cause determined in the opinion next following.