HOUSTON & TEXAS CENTRAL RAILWAY COMPANY V. ATLAS
PRESS BRICK WORKS.

Decided June 11, 1904.

**1.—Railroads—Killing . Live .Stock—Fenced · Right of. Way—Stock Law.**

Where plaintiff's mules escaped from its corral in a county where the stock law prohibited such animals from running at large, and entered upon defendant's right of way at a public place where the right of way was not required to be fenced, and wandered along it for nearly a mile and across the line of an adjoining county and were there struck and killed by a train, the engineer of which used all means to stop it after seeing the mules, the defendant road was not liable therefor.

**2.—Same—Cattle Guards at County Line.**

The defendant's failure to provide cattle guards across its track at the county line was not such negligence as to render it liable, since it could not have reasonably expected that stock would come on its track in a county where the law prohibited their running at large.

Appeal from the County Court of Dallas. Tried below before Hon. Ed. S. Lauderdale.

*W. J. J. Smith, Baker, Botts, Parker & Garwood,* and *R. De Armond,* for appellant.

*K. R. Craig,* for appellee.

RAINEY, CHIEF JUSTICE.—Appellee sued to recover the value of two mules killed by appellant's train. Appellant plead that appellee was guilty of contributory negligence in that the law in Ellis County prohibited stock from running at large in said county, and that appellee negligently allowed the mules to escape and wander at large in said county, without being herded, which was the proximate cause of the damages alleged by appellee. The cause was tried before the court without the intervention of a jury and verdict rendered against appellant for $300, hence this appeal.

The evidence supports the following findings of fact by the court, to wit:

"(1) I find that plaintiff is a corporation engaged in the manufacture of brick on a ten-acre plot of ground abutting the right of way of the Houston & Texas Central Railroad Company, immediately north of the corporate limits of the town of Ferris, and on the west of the right of way of the defendant railroad company. There is another brick plant just south of this, and north of the depot in the town of Ferris. A spur track was constructed by defendant to plaintiff's brick plant, and another spur track was constructed by defendant to the other brick plant just south of the plaintiff's. At the time these spur tracks were constructed the right-of-way fence was torn down for some distance south of the plaintiff's plant, thence north for the entire length of plaintiff's frontage on said right of way. A portion of the fence was left standing south of plaintiff's premises, which from time to time has been

knocked down in one place. Defendant's road is otherwise properly fenced, except there is no stockguard or cattlegap from the depot in Ferris, north to the county line of Dallas County, which is a distance of about one mile, and nothing to prevent cattle which gain access into defendant's right of way at the open place referred to, from going north into Dallas County. I find that the stock law was duly adopted in Ellis County, whereby it was made unlawful for mules and certain other stock to run at large in Ellis County, and that this law was in force at the time of the accident to plaintiff's mules.

"(2) On the night of the 13th day of September, 1902, plaintiff's mules were inclosed in a substantial corral, with a gate locked with a substantial lock. During that night the mules broke out of the corral by forcing the gate open, and they wandered thence south, along public road or street, for several hundred feet, to a point in the remnant of fence that was left there where the fence had been knocked down for a short distance, thus leaving a gap, and the mules entered through this gap into defendant's right of way, and went north along defendant's right of way for about three-fourths of a mile, where, at about 7:30 o'clock in the morning of the 14th day of September, 1903, they were struck by defendant's engine and killed.

"(3) I find that the reasonable market value of said mules at the time and place they were killed is $300.

"(4) I find that defendant's engineer in charge of said engine did everything in his power, and employed all the means at hand, consistent with the safety of his engine, to avoid striking said mules after he discovered them.

"(5) I find that the place where defendant's fence was down, adjacent to and south of plaintiff's plant, was a public place within the meaning of the law, and that it would be inconvenient to the plaintiff and defendant and the public to have same fenced."

We further find that said mules entered upon defendant's right of way in Ellis County at a point where defendant was not required to fence, and wandered upon the right of way into the edge of Dallas County, where they were killed.

*Conclusions of Law.*—The question is, was defendant, under the facts, liable for killing the mules? We think not. The stock law being in force in Ellis County, the defendant was under no obligation to anticipate danger where the mules were killed, and having used the utmost care to stop the train and prevent injury as soon as the danger was discovered was all the care the law required. International & G. N. Ry. Co. v. Cocke, 64 Texas, 151; Houston & T. C. Ry. Co. v. Nichols, 39 S. W. Rep., 954; Houston & T. C. Ry. Co. v. Hollingsworth, 29 Texas Civ. App., 306, 68 S. W. Rep., 724.

The defendant not having provided cattle guards, etc., at the county line does not render it liable. It could not have been reasonably expected that plaintiff's stock would be running at large in Ellis County,

and defendant was not expected to anticipate such a result, and was not therefore required to fence its right of way against such a contingency.

There is no controversy about the facts, and the case having been tried before the court without a jury and the evidence failing to show liability of appellant, the judgment is reversed and here rendered for appellant.

*Reversed and rendered.*