HOUSTON & TEXAS CENTRAL RAILROAD COMPANY V. NUSSBAUM & SCHARFF.

Decided June 13, 1906.

**Railway—Fences—Stock Unlawfully at Large.**

The effect of the law with regard to fencing railways is superseded by the adoption of the law prohibiting stock from running at large; and one who turns his stock into his field, where such stock law is in force, knowing that no sufficient fence prevents access of stock therefrom to the railway track can recover for the killing it by a train only on proof of negligence.

Appeal from the County Court of Limestone County. Tried below before Hon. James Kimbell.

*Baker, Bolts, Parker & Garwood* and *Williams & Bradley,* for appellant.—Cited: Acts of 1899, p. 221, ch. 128, secs. 13, 19; Red River, T. & S. Ry. Co. v. Dooley, 80 S. W. Rep., 566; Houston & T. C. Ry. Co. v. Atlas P. Brick Works, 81 S. W. Rep., 792; Houston & T. C. Ry. Co. v. Hollingsworth, 68 S. W. Rep., 724; International & G. N. Ry. Co. v. Cocke, 64 Texas, 157.

No briefs for appellee were on file.

KEY, ASSOCIATE JUSTICE.—Nussbaum & Scharff, a private corporation, brought this suit and recovered damages from appellant for the alleged wrongful killing of a mule belonging to appellee. The agreed facts are as follows:

"1. That plaintiff, Nussbaum & Scharff, a corporation, was the owner of the mule for the killing of which this suit was brought.

"2. That said mule was killed on April 15, 1905, at night, and no one is known to have seen the killing, but the circumstances are such as to justify the conclusion that one of the defendant's trains killed it. It was found near the defendant's track next day, mangled, with its feet cut off.

"3. The plaintiff had rented and was in possession of a tract of about six acres of land on the east side of and adjoining defendant's right of way, and plaintiff's servants lived on same, and turned said mule into said field on the night before the killing.

"4. The defendant fenced its track about 15 years ago with a good and sufficient post and four-wire fence, about four feet high, and said fence remained in good repair until about four months before the killing, at which time, at the northwest corner of plaintiff's tract of land, by reason of some of the posts of the right of way fence being burned, the wires drooped down until they were only about 2½ feet high, by reason of the wire having been burned loose from the posts, and at the southwest corner of said field the right of way fence, about the same time got down the same way to about 2½ feet high, the ground sloping from the railroad to the field so that it was considerably higher on the right of way side of the fence than on the field side.

"5. The mule had been on the right of way the day before the killing, having gotten in at the low place at the northwest corner of the field,

and after the killing there were mule's tracks at both low places, indicating that the mule might have gotten over the right of way fence at either low place. The plaintiff's servant knew the mule had been on the right of way the day before, and knew the condition of the fence.

"6. The stock law, Acts of the Twenty-sixth Legislature, chapter 128, page 220, as subsequently amended, and as appears in Sayles Supplemental Statutes for 1897 to 1904, on pages 533 to 538, making it unlawful for horses, mules, jacks, jennets, etc., to run at large, etc., was regularly adopted in that part of Limestone County, Texas, embracing plaintiff's said field and defendant's adjacent right of way and adjacent territory in September, 1903, and has been in force and effect until now. The stock law prohibiting sheep, hogs and goats from running at large was also in effect in said territory at the time of the killing and has been in effect for many years.

"7. The mule killed was worth $125 when it was killed, and this was shown by all the testimony in the trial in Justice Court."

The stock law which prohibits livestock from running at large being in force at the time and place the mule was killed, and no testimony having been submitted tending to show negligence in the operation of the train which killed the mule, it is contended on behalf of appellant that appellee was not entitled to recover, although appellant had permitted its right of way fence to get out of repair so as to permit free access by livestock thereto. The contention is that the stock law supersedes the fence law, and that in the absence of negligence in the operation of the train, the company is not liable on account of livestock killed by the train. This contention seems to be sound, and it has already been sustained by two of our Appellate Courts. (Missouri, K. & T. Ry. Co. v. Tolbert, 90 S. W. Rep., 508; Galveston, H. & S. A. Ry. Co. v. Kropp, 91 S. W. Rep., 819.)

There being no probability that the plaintiff can strengthen its case upon another trial, the judgment is reversed and here rendered for appellant.

*Reversed and rendered.*