FT. WORTH & R. G. RY. CO. v. BURLESON et al. (No. 8942.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 30, 1918. Rehearing Denied April 4, 1919.)

1. RAILROADS ⬳212—RECEIVERSHIP—NEGLIGENCE OF RECEIVER—LIABILITY OF COMPANY.

In absence of statute, neither a railway company nor its property after termination of a receivership is liable for receiver's negligence while operating property, unless receiver operated road at a profit paid over to company at termination of receivership, or sufficient proceeds from operation had been invested by receiver in improvements or company, or its property had been made liable in order discharging receiver.

2. RAILROADS ⬳212—RECEIVERSHIP—NEGLIGENCE OF RECEIVER—LIABILITY OF COMPANY.

Where receiver of railroad company is appointed by state court and not federal court, by express provisions of Vernon's Sayles' Ann. Civ. St. 1914, arts. 2139, 2141, railroad company after termination of receivership is liable for negligence of receiver while operating road.

3. APPEAL AND ERROR ⬳901—BURDEN OF PROOF—RECEIVERS.

On appeal from judgment finding railroad company receiving road after termination of receivership liable for negligence of receiver, burden is on company to show that receiver was appointed by federal court to avoid operation of Vernon's Sayles' Ann. Civ. St. 1914, arts. 2139, 2141, making company liable for negligence of receiver. .

Appeal from Erath County Court; W. E. Bower, Judge.

Action by L. F. Burleson against the Ft. Worth & Rio Grande Railway Company and others. Judgment for plaintiff against named defendant, and the latter appeals. Affirmed.

Hickman & Bateman, of Dublin, and Theodore Mack, of Ft. Worth, for appellant.

Chandler & Pannill, of Stephenville, for appellees.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

. CONNER, C. J. The appellee, Burleson, instituted this suit against the appellant, the Ft. Worth & Rio Grande Railway Company, and against Avery Turner and G. H. Schleyer, receivers of the property of said railway company, to recover damages and penalties, aggregating $680.65, arising out of a failure to furnish cars as demanded, and because of negligence attributable to the receivers relating to the care and transportation of a number of shipments of hogs from Stephenville to Ft. Worth.

The trial resulted in a judgment in appellee's favor against the Ft. Worth & Rio Grande Railway Company for the sum of $179.81, and in favor of the receivers that they go hence without day and recover their costs from the plaintiff. From this judgment, the railway company has appealed.

But a single assignment of error is presented for consideration. That relates to the action of the court in refusing the request of the appellant company for a directed verdict in its favor. Appellant's contention in this respect is embodied in the following proposition:

"The defendant Ft. Worth & Rio Grande Railway Company is not liable for the acts and negligence of the receivers from whom it took over the railway because the undisputed evidence showed that the negligence was that of the receivers and the damages accrued at periods during which the receivers operated the railway, and, appellant company having since taken over the line of railway from the receivers, it is in no sense of the term liable to the plaintiff; there being neither allegation nor proof that the road had been operated at a profit and that sufficient net earnings to pay all claims incurred by the receivers had been paid over to appellant when the receivership was terminated."

The evidence establishes the fact stated in the proposition, and it is insisted that the following authorities support it, viz.: Railway Co. v. Zidell, 202 S. W. 352; Ry. v. Weaver, 191 S. W. 591; Ry. v. Perkins, 185 S. W. 657; Ry. v. Russell, 184 S. W. 299; Holman v. Ry., 14 Tex. Civ. App. 499, 37 S. W. 464.

[1] The authorities cited apply the general rule which, in the absence of some statute otherwise providing, is to the effect that neither a railway company nor its property, after the termination of the receivership proceedings, is liable for the negligence of the receivers while operating the property, unless it be shown that the receivers had operated the railroad at a profit, which profit had been paid over to the railroad company when the receivership was terminated, or that sufficient proceeds arising from the operation of the road had been invested by the receivers in the improvement and betterment of the physical property returned to the company, or that the company or its property had been made liable for the debts of the receivership

in the order or decree discharging the receivers and under which the company resumed possession and control. T. & P. Ry. Co. v. Johnson, 76 Tex. 421, 13 S. W. 463, 18 Am. St. Rep. 60, and authorities therein cited. We have statutes, however, which otherwise provide. 2 Vernon's Sayles' Statutes, art. 2139, reads:

"If a receiver is discharged by the court before all the liabilities of the receiver arising during the receivership are settled in full, then the person, persons, or corporation to whom the receiver delivers the property that was in his hands as receiver shall be liable to the persons having claims against said receiver for the full amount of the liabilities."

Article 2141 reads:

"All parties and corporations whose property has been placed in the hands of a receiver by order of the court, and which was not sold by the receiver, and which property has been delivered back to the original parties or corporation, without any sale of said property, shall be liable and held to pay all of the unpaid liabilities of the receiver in causes of action arising out of and during the receivership; and, if there are any suits pending against the receiver at the date of discharge, on causes of action arising during the receivership, the plaintiff shall have the right to make the party or corporation to whom the receiver delivered the property which was in his hands as receiver a party defendant along with the receiver; and, if any judgment is rendered against the receiver for causes of action arising out of and during the receivership, then, the court shall also, at the same time (if the party or corporation receiving back the property have been made parties defendant), render judgment in favor of the plaintiff against defendants for the amount so found for plaintiff and all costs; and plaintiff shall have the right to foreclose his lien on the property delivered back by said receiver to said party or corporation."

[2] It needs no argument to support the proposition that, if the statutes we have quoted have application in this suit, then the appellant company is liable for the judgment rendered below, notwithstanding the fact that the damages resulted from the negligence of the receivers alone, and there is an apparent conflict between the statutes and the authorities cited by the appellant in support of the proposition it advances. But we think the difficulty disappears when, as will appear from an examination of the cases, it is observed that the authorities cited by appellant in aid of its proposition were all cases of federal receiverships, as to which our state statutes are held not to apply. In Fordyce v. Du Bose, 87 Tex. 78, 26 S. W. 1050, our Supreme Court there says:

"The right to maintain a suit against a receiver in his official capacity, when appointed by a court of the United States, is conferred upon the courts of the states by act of Con-

gress. It extends to the establishing of the right to recover and the amount of the recovery, but the state court cannot execute the judgment. That is confided to the court which appointed the receiver.

"The Legislature of a state has no more authority to prescribe rules of procedure for courts of the United States, nor to limit the effect of judgments of such courts rendered in the exercise of their constitutional powers, than Congress has to prescribe rules for the state courts, or to place limitations upon their judgments within the bounds of the states.

"When a receiver appointed by a court of the United States is by that court discharged, and the property delivered over according to the orders of the court, the official existence of the receiver ceases, and suits pending in the state courts, upon a plea of discharge, must be abated. Brown v. Gay, 76 Tex. 446 [13 S. W. 472]; Ryan v. Hays, 62 Tex. 47.

"The several acts of the Legislature upon the subject of receivers do not purport by their language to affect receivers appointed by the federal courts in their official capacity, and courts will construe them so as to embrace such subjects as the Legislature had the authority to legislate upon. Endl. on Int. of Stats. § 271. These acts were not intended to affect the procedure of federal courts as to receivers appointed by such courts."

It must therefore be said, we think, in this case, that the general rule of law announced by the authorities cited in behalf of appellant cannot be here applied in the absence of a showing that the receivers had been appointed by a federal court, and no such showing has been made. The only reference to the subject that we find in the record appears in an extract from the testimony of George Gardenhire, who was agent for the receivers at Stephenville during the period involved in this controversy. In the conclusion of his cross-examination he only testifies that—

"In the months of March, April, and May, 1916, the Ft. Worth & Rio Grande Railway Company was the only direct line of railway between Stephenville and Ft. Worth, Tex., and was being operated by Mr. Turner and Mr. Schleyer, as receivers. Yes, sir; the company is now operating the road, and has been for several months. I believe the company has had charge of the road since November 4, 1916."

[3] As it seems to us, after verdict and judgment, and in this court the burden is upon appellant to show that the judgment below is erroneous, and we cannot say that it is, in the absence of proof or a finding that the receivership in question was of a character to which our statutes cannot be applied. Now and here, we think, we must give the statute prima facie effect, and, so concluding and applying, we are of the opinion that appellant's assignments of error and proposition must be overruled, and the judgment affirmed.