FT. WORTH & R. G. RY. CO. v. WILHITE.
(No. 953.)

(Court of Civil Appeals of Texas.   El Paso.
March 27, 1919.)

1. RAILROADS ⬤⟞268—OPERATION OF ROAD BY
RECEIVERS—PLEADING.

In an action against a railroad for loss of
animals killed by trains operated by receivers,
facts necessary to fix liability upon railroad, re-
ceivers having been discharged, must be pleaded
and proved.

2. RAILROADS ⬤⟞411(6)—ANIMALS—DUTY TO
FENCE.

Where Vernon's Sayles' Ann. Civ. St. 1914,
art. 7235 et seq., relating to horses and cattle,
has not been adopted in a county, a railroad
operating an unfenced track therein, unless
negligent, is not liable, under article 6603, for
hogs killed or injured while running at large in
violation of title 124, c. 5, adopted in such
county.

3. RAILROADS ⬤⟞411(1)—FENCES.

There is no law compelling railroads to fence
a right of way.

Appeal from Comanche County Court;   J.
H. McMillan, Judge.

Action by S. T. Wilhite against the Ft.
Worth & Rio Grande Railway Company.
Judgment for plaintiff, and defendant ap-
peals.   Reversed and rendered.

Jerome P. Kearby, of Comanche, for ap-
pellant.
Callaway & Callaway, of Comanche, for ap-
pellee.

Statement of Case.

HIGGINS, J.   This suit was filed June 16,
1917, by Wilhite, against appellant, to recover
the value of two hogs killed by a train and
damages for injuries to another hog.   The
facts found by the trial court may be sum-
marized as follows: During 1916 Wilhite
lived on a rented farm six miles east of
Hasse.   Appellant's line of railway passed
through the farm.   In April and May, 1916,
two hogs belonging to appellee were killed
and one crippled by a train operated upon the
line of railway aforesaid, and by reason
thereof, appellee was damaged in the sum of
$85.   The right of way had never been fenced
at this point.   Appellee's farm was inclosed
by a hogproof fence, but there was no fence
to prevent hogs from straying upon the right
of way and tracks of appellant.   Appellee
had turned the hogs loose upon his farm, and,
being unattended, they strayed upon appel-
lant's right of way and tracks.   At the time
mentioned, and for many years previous
thereto, there was in force and effect in
Comanche county what is commonly known
as the "Hog Law," whereby, under the pro-

visions of chapter 5, tit. 124, Revised Statutes,
hog, sheep, and goats were prohibited from
running at large.   There was no negligence
on the part of the parties operating the train
that killed and crippled the hogs.   Under the
orders of the District Court of the United
States in the Northern District of Texas, re-
ceivers were appointed for appellant, and all
of its properties were operated by said court
and its receivers from July 5, 1913, to No-
vember 3, 1917, and such receivers had charge
of all of the properties of appellant during
the time mentioned and managed, controlled,
and operated this line of railroad.   The
court found that appellant was guilty of ac-
tionable negligence in failing to fence its
right of way so as to exclude hogs, and that
by reason thereof it was liable for the dam-
ages sustained by appellee and rendered
judgment accordingly.

Opinion.

[1] 1. There are no facts pleaded or found
by the trial court which would authorize a
judgment against appellant for damages on
account of animals killed or injured by
trains operated by the receivers of its proper-
ties, appointed by the federal court.   The
record discloses that the two hogs were kill-
ed and the third injured by a train operat-
ed by such receivers.   There is no occasion to
discuss this question, as it is well settled
that the facts necessary to fix liability upon
appellant must be pleaded and proven.   Rail-
way Co. v. McFadden, 89 Tex. 138, 33 S. W.
853;   Lumber Co. v. Cunningham, 154 S. W.
288;   Hovey v. Weaver, 175 S. W. 1089;   Rail-
way Co. v. Daniel, 195 S. W. 625;   s. c., 186
S. W. 383;   Railway Co. v. Ballou, 174 S.
W. 337.

[2] 2. Prior to the amendment of article
6603, R. S., by Acts 1905, p. 226, c. 117, it was
held that railway companies, unless guilty of
negligence, were not liable for stock killed
or injured in counties and subdivisions there-
of where the stock law was in force prohib-
iting animals from running at large.   Rail-
way Co. v. Tolbert, 90 S. W. 508;   s. c., 100
Tex. 483, 101 S. W. 206;   Railway Co. v.
Nussbaum & Scharff, 43 Tex. Civ. App. 410, 94
S. W. 1101;   Railway Co. v. Kropp, 91 S. W.
819;   Railway Co. v. Scofield, 98 S. W. 436;
Railway Co. v. Atlas, etc., 36 Tex. Civ. App.
368, 81 S. W. 792.

For the evident purpose of changing the
rule announced in the cited cases, article
6603, R. S., was amended by the act of 1905.
This amendment provided that—

"Such liability [i. e., for stock killed or in-
jured] shall also exist in counties and subdivi-
sions of counties which adopt the stock law pro-
hibiting the running at large of horses, mules,
jacks, jennets and cattle."

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

At the time of this amendment, and now, there are two laws relating to stock running at large. The first is the act prohibiting hogs, sheep, and goats from so doing. This is the act of 1876, with subsequent amendments. It appears in Vernon's Sayles' Revised Statutes as chapter 5 of title 124. The second is the act prohibiting horses, mules, jacks, jennets, and cattle from running at large in certain counties. This act was originally passed in 1899 (Gen. Laws 26th Leg. c. 128, p. 220), and with its subsequent amendments appears in Vernon's Sayles' Revised Statutes as chapter 6 of title 124. The history of the legislation relating to this last class of animals is traced in Vernon's 1918 Supplement. See note to article 7235.

It thus appears that, when article 6603, R. S., was amended by the act of 1905, there were two stock laws—one relating to hogs, sheep, and goats; the other to horses, mules, jacks, jennets, and cattle.

The amendment of 1905 imposes an absolute liability upon railroad companies whose road is unfenced in localities which have adopted the law relating to the animals last named. It does not appear that this law has been adopted in Comanche county. It thus follows, under the rule announced in the Tolbert Case, that appellant is not liable for animals killed or injured while running at large in violation of the law prohibiting hogs, sheep, and goats from so doing. Since the trial court found that there was no negligence on the part of the operators of the train which killed and injured appellee's hogs, there is no liability. Under the cited authorities liability cannot be predicated, as was done by the trial court, upon the theory that appellant's failure to fence its right of way constituted actionable negligence.

[3] There is no law compelling railroads to fence their right of way. Under the law in force in Comanche county the animals became trespassers when they entered upon the right of way and tracks of appellant, and, in the absence of negligence on the part of the operators of the train, there is no liability.

Reversed and rendered.