## FORT WORTH & R. G. RY. CO. v. SELLERS et al. (No. 6437.)

(Court of Civil Appeals of Texas. Austin. April 26, 1922. Rehearing Denied June 7, 1922.)

**1. Railroads ⬚265—Company's liability for injuries by receiver returning property based on acceptance of benefits.**

The liability of a railroad company for injuries inflicted by a receiver returning its property does not depend upon the decree of the court discharging the receiver and adjudging the company liable for his acts other than specifically named in such decree, but rests upon the equitable doctrine that he who voluntarily accepts the benefit of an act must also bear its burdens.

**2. Railroads ⬚265—Company held liable for injuries by discharged receivers.**

Defendant railroad company having obtained the discharge of its receivers, who were thereby relieved of the personal injury obligation sued on, upon its statement in its petition for such discharge, that it would assume all valid obligations against such receivers, and, having obtained return of its property, which was liable for such obligations, ought not to be heard to say that the benefits received by the return of the property were not sufficient to compensate it for the payment of the obligation sued for, and defendant's receipt of the property is prima facie evidence that it had received such benefits in receiver's administration, and is sufficient to support a judgment for damages for the injuries.

**3. Limitation of actions ⬚125—Where cause was filed against receivers before becoming barred, making the railroad company a defendant upon the receivers' discharge was not the institution of a new suit.**

Where suit for personal injuries, properly brought against railroad receivers, was not

barred by limitation when brought making the railroad company a party defendant after the discharge of the receivers was not the institution of a new suit, as respects limitations.

Appeal from District Court, McCulloch County; J. O. Woodward, Judge.

Suit by W. G. Sellers against Avery Turner and another as receivers of the Fort Worth & Rio Grande Railway Company, which was subsequently dismissed as to the receivers, and the company was made defendant. Defendant's motion for peremptory instruction was overruled, and it appeals. Affirmed.

Sam McCollum, of Brady, and Goree, Odell & Allen, of Fort Worth, for appellant.

Joe Adkins and Evans Adkins, both of Brady, and Baker & Weatherred, of Coleman, for appellees.

JENKINS, J. Appellee Mrs. Minnie Sellers sustained injuries by reason of the negligence of a conductor of the Fort Worth & Rio Grande Railway Company, on January 9, 1916, for which the jury, on the trial of this case, awarded her $1,000.

At the time of such injury, the Fort Worth & Rio Grande Railway Company was in the hands of Avery Turner and G. H. Schleyer, receivers. The receivers were discharged November 3, 1916, and the road, with all of its properties, was at that time returned to the railway company. This suit was filed against the receivers August 7, 1916. On August 21, 1920, appellees filed an amended petition, dismissing as to the receivers and making the railway company party defendant.

Upon the conclusion of the testimony, appellant moved the court to peremptorily instruct the jury to return a verdict for the defendant, which motion was overruled. Appellant excepted thereto, and submits this cause upon two propositions only. One is that the evidence was not sufficient to support a judgment for appellees; the other is that appellees' cause of action is barred by the statute of limitation.

Appellees' amended petition alleged the discharge of the receivers on November 3, 1916, and that said receivers at that time returned the road to the railway company, together with all its properties, and that the railway company received the same, and assumed and agreed, in the proceedings in the federal court, to pay off and discharge all obligations created and all liabilities incurred during said receivership, and in law became liable for such obligations and liabilities, including the damages herein sued for. Appellees offered in evidence the following:

"In the District Court of the United States for the Northern District of Texas at Fort Worth.

"Thomas H. West et al., Complainants, v. Fort Worth & Rio Grande Railway Company et al., Defendants.

"Consolidated Cause No. 678, in Equity.

"Upon consideration of the petition of Fort Worth & Rio Grande Railway Company for the discharge of Avery Turner and G. H. Schleyer, receivers in the above entitled and numbered cause, and for an order requiring said receivers to deliver to said company all of the properties in their hands as such receivers, the court doth find as follows:" Substantially, that the Fort Worth & Rio Grande Railway Company had made arrangements by which it was able to meet its obligations and resume the operation of its road. "That said Fort Worth & Rio Grande Railway Company has filed its petition in this cause for the discharge of receivers herein and has tendered and offered to assume all valid obligations of the receivers herein, and to pay off, when and as the same severally mature, all debts created by the receivers herein. * * * That it is to the interest of all parties concerned in the estate now being administered by said receivers that said receivers shall be discharged as soon as practicable, and that as no necessity for a sale of the property of the Fort Worth & Rio Grande Railway Company exists, and that the receivers herein should be discharged subject to the terms and conditions hereinafter set forth.

"It is therefore accordingly ordered, adjudged, and decreed by the court, as follows:"

(1) This paragraph of the judgment directed the receivers to return all of the railway's property to the Fort Worth & Rio Grande Railway Company as soon as practicable.

(2) This paragraph of the judgment directed the railway company to receive all of its properties "subject to the final disposition by the court in this case of all claims of intervening petitioners that may have heretofore been legally filed herein, and which are now pending and undetermined before the master or before the court in this cause, in so far as said claims are or may be a charge upon the property so to be delivered by the receivers to said railway company, or upon any part of said property, and such claims may be enforced against such property in the hands of said Fort Worth & Rio Grande Railway Company, as the court may determine and direct by orders, judgments, and decrees in such interventions, and the court hereby reserves jurisdiction of this cause for the purpose of finally hearing and determining all such claims and interventions."

(3) "The Fort Worth & Rio Grande Railway Company, its successors and assigns, shall take all of the benefits and shall assume all of the obligations created by those certain contracts entered into by Avery Turner and G. H. Schleyer, as receivers herein under orders of the court heretofore from time to time made and entered in this cause approving or authorizing such contracts."

(4) This paragraph of the judgment retained jurisdiction of the cause for the purpose of enforcing this judgment.

(5) This paragraph of the judgment stated that upon Avery Turner and G. H. Schleyer, receivers, obtaining a receipt from the Fort Worth & Rio Grande Railway Company, showing delivery of the properties held in their possession as such receivers to said Fort Worth & Rio Grande Railway Company, the said receivers and their bondsmen should be discharged from all further liability, and from all further duties as such receivers; but such receivers were continued until final discharge by orders of the court, for the performance of such duties, if any, as might be thereafter specifically required of them by orders of the court.

This judgment was entered November 2, 1916. On November 3, 1916, the Fort Worth & Rio Grande Railway Company executed to the receivers a receipt, showing that they had fully complied with the order of the court.

[1] The contention of appellant is that, for the reason that the evidence as to the proceedings in the receivership does not show that the receivers made betterments, or that they had in their hands and turned over to the railway company, at the time of their discharge, cash sufficient to meet all of their obligations, and because the order discharging the receivers did not specifically state that the railway company was to pay claims of the character herein sued on, therefore the evidence does not warrant a judgment for appellees herein.

For the reason that property in the hands of a receiver is in the custody of the court where such receivership is pending, and the owner of the property has no control over the actions of the receiver, it is held that the receiver is the agent of the court, and not of the owner of the property, for which reason the owner is not primarily liable for obligations incurred by the receiver, arising from either his contracts or torts. However, while courts administer such property primarily in the interest of creditors, they are presumed to do so with due regard for the interest of the owners of the property, and in case of public utilities, such as railway companies, also in the interest of the public.

It is well settled that when railway properties, which have been administered by a receiver, have been returned to the owner, and such properties have been improved by the receiver, the company will be held responsible for obligations incurred by the receiver, to the extent of such improvements. Railway Co. v. McFadden, 89 Tex. 138, 32 S. W. 526; Railway Co. v. Johnson, 76 Tex. 421, 13 S. W. 463, 18 Am. St. Rep. 60; Railway Co. v. Overheiser, 76 Tex. 438, 13 S. W. 469; Railway Co. v. Griffin, 76 Tex. 442, 13 S. W. 471; Brown v. Railway Co. (Tex. App.) 15 S. W. 120; Railway Co. v. White, 82 Tex. 544, 18 S. W. 478; Railway Co. v. Huffman, 83 Tex. 289, 18 S. W. 741; Railway Co. v. Bloom, 85 Tex. 283, 285, 20 S. W. 134,

136; Railway Co. v. Crawford, 88 Tex. 280, 31 S. W. 178, 28 L. R. A. 761, 53 Am. St. Rep. 752, and subsequent cases. This rests upon the equitable doctrine that he who voluntarily accepts the benefit of an act should also bear its burdens.

The doctrine that a principal is bound by his ratification of the unauthorized act of an agent, or of one who has assumed to act as his agent, may also be said to rest upon this equitable doctrine.

While a receiver is not the agent of the railway company, for the reason that he acts without the authority of the company, his authority being derived solely from the court, yet he does act in reference to the property of the company. The company is under no obligation to receive back the property, but may permit the same to be sold under order of the court. But, if it requests the court to return such property, and such request is granted, it seems to the writer that it ought thereby to be held to have ratified the acts of the court done through its receiver, and to have assumed the obligations incurred by the receiver. Such, however, is not the law in this state, as announced in the decisions, unless it be made to appear that the railway company has received, through the administration of its property by the receiver, benefits commensurate with the obligations incurred by the receiver. Railway Co. v. McFadden, supra; Railway Co. v. Ballou (Tex. Civ. App.) 174 S. W. 337; Railway Co. v. Zidell (Tex. Civ. App.) 202 S. W. 351; Railway Co. v. Wilhite (Tex. Civ. App.) 210 S. W. 765; Railway Co. v. Burleson (Tex. Civ. App.) 214 S. W. 617.

In the four cases last above cited, the receivers were the same as in the instant case. But the only evidence in those cases was that the injuries were inflicted while the road was in the hands of the receivers, and that the receivers had been discharged at the times of the respective trials. In each of those cases the plaintiff recovered judgment in the trial court, and in each, upon this state of the record, the appellate court reversed the judgment of the trial court, and rendered judgment for the appellant. For the reason hereinafter stated, we think the facts of this case clearly differentiate it from the cases last above cited.

The liability of a railway company for injuries inflicted by a receiver does not depend upon the decree of the court discharging the receiver and adjudging the railway company liable for his acts other than specifically named in such decree, but upon the equitable doctrine hereinbefore stated. Those who are not parties to the receivership proceedings by intervention or otherwise are strangers to such litigation, and are not bound by any decree entered therein. Railway Co. v. Johnson, supra, 76 Tex. 432, 13 S. W. 463, 18 Am. St. Rep. 60. Appellees

in the instant case were not parties in the receivership proceedings; hence the decree, while adjudicating the liability of the appellant as to interveners in such cause, and as to certain contracts entered into by the receivers under the direction of the court, very properly makes no reference to obligations which may have been incurred by the receivers as to parties not before the court. The right of parties to recover upon such obligations rests upon equitable grounds to be determined by courts of competent jurisdiction, in which suits in regard to the same may be pending (of which the court in which the receivership was pending had no judicial knowledge), or which might thereafter be brought in such courts.

[2] Is the evidence in the instant case sufficient to show liability as against the appellant upon equitable grounds? If so, the judgment herein should be affirmed; if not, it should be reversed and here rendered for appellant. We answer this question in the affirmative. The appellees alleged that appellant, in receiving back its property, assumed and agreed, in the proceeding for the discharge of the receivers, to pay off and discharge any obligations created and all liabilities incurred by the receiver, including the damages herein sued for. The court, in which the receivership was pending, found as a fact, and incorporated the same in its decree:

"That said Fort Worth & Rio Grande Railway Company has filed its petition in this cause for the discharge of receivers herein, and has tendered and offered to assume all valid obligations of the receivers herein."

It is not denied that the damages recovered by appellees herein was a valid obligation against the receivers and might have been enforced against them and against the property of appellant by the trial court but for the fact of their discharge.

The appellant having obtained the discharge of the receivers who were thereby relieved of the obligation herein sued on, upon its statement in its petition for the discharge of such receivers that it would assume all valid obligations against such receivers, and having thereby obtained the return of its property, which was liable upon such obligation while in the hands of the receivers, it ought not to be heard to say that the benefits received by it by reason of the return of its property were not sufficient to compensate it for the payment of the obligation herein sued on; or, at least, it ought to be held to be prima facie evidence that it had received such benefits from the administration of the property by the receivers, in

the absence of testimony to the contrary sufficient to support the judgment in favor of appellees; and we so hold. In support of the judgment herein, we presume that the trial court so found; this issue not being requested by either party to be submitted to the jury.

It may well be assumed that appellant understood its own financial interest, and that it would not ask for the return of its property, and agree to assume all valid obligations incurred by the receivers, unless the improvement of the property made by the receivers was sufficient to compensate it for so doing. It is a well-known fact that a receivership is frequently beneficial to a railway company, for the reason that it relieves the company, temporarily, from the necessity of paying its debts, and enables the receiver to take a run-down road and put it in good condition, and thereafter return it to the railway company. Railway Co. v. Johnson, supra, 76 Tex. 433, 13 S. W. 463, 18 Am. St. Rep. 60.

It is not only the duty of the receiver to manage the property while in his custody to the best interest of the owners, as well as of the creditors, but he is frequently selected by the railway company and appointed by the court for this purpose. In the instant case, Mr. Schleyer was vice president of the Fort Worth & Rio Grande Railway Company, at the time he was discharged as receiver, and signed the receipt to himself and coreceiver in behalf of the railway company.

[3] This suit was properly brought against the receivers. It was not barred by limitation at that time. Making the railway company a party defendant, after the discharge of the receivers, was not the institution of a new suit, but only joining a proper party as defendant to the original cause of action. For this reason, we overrule appellant's assignment of error as to the statute of limitation. Railway Co. v. Comstock, 83 Tex. 540, 18 S. W. 946.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.

### On Motion for Rehearing.

The only issue in this case is as to whether the evidence was sufficient to sustain the finding that, in obtaining a return of its property from the receiver, the appellant assumed the payment of the claim herein sued on.

We hold that the evidence was sufficient for this purpose. Motion for rehearing overruled.