Williams *v.* Missouri Pacific Railroad Company.

Opinion delivered May 27, 1918.

Liens—property of railroad in hands of receiver—suit must be brought when and how.—Judgment can not be obtained against a railway company and a lien fixed against its property, under Kirby's Digest, § § 6661 and 6662, where the cause of action accrued while the railroad was in the hands of a receiver, and where the plaintiff, within one year after the accrual of the action, did not file suit on the claim, or file the claim by order of court, with the receiver.

Appeal from Crittenden Circuit Court; *W. J. Driver,* Judge; affirmed.

*L. C. Going,* for appellant.

The demurrer should have been overruled. The suit was filed within one year from the time the damages were sustained and appellant had a lien. Kirby & Castle's Digest, § § 8172, 8173; 74 Ark. 528; 80 *Id.* 399; 74 *Id.* 366; 85 S. W. 1133; 115 Fed. 367. The complaint alleged all necessary facts and stated a good cause of action.

*Troy Pace,* for appellee.

The demurrer was properly sustained. No suit was filed against the receiver, nor was the claim filed with the receiver as required by law. Kirby's Digest, § § 6661, 6662; 74 Ark. 368; 33 Cyc. 388; K. & C. Digest, § 8172-3.

WOOD, J. In September and October, 1916, B. F. Bush, as receiver of the St. Louis, Iron Mountain & Southern Railway Company, was operating said railroad, and through the negligence of his employees, in the handling of certain cotton which was delivered to Bush as such receiver, for shipment, appellant was damaged in the sum of $620.

After these damages had accrued to appellant, the property of the St. L., I. M. & S. R. Co., in the hands of Bush as receiver, was sold at foreclosure sale and purchased by the appellee, Missouri Pacific Railroad Co.

Two witnesses, who were neighbors of the appellant Within one year from the time the damages were sustained appellant instituted this action against the appellee, setting out at length the above facts and praying for judgment against the appellee in the sum of $620 and that same be declared a lien upon the property of the appellee.

The appellee demurred to the complaint. The court sustained the demurrer. Appellant rested his case on the complaint, and a judgment was entered dismissing the same. This appeal is from that judgment.

Appellant contends that he is entitled to have judgment against the appellee and a lien declared on this property under section 6661, Kirby's Digest, which provides, among other things, as follows:

"Every person who shall sustain loss or damage to person or property from any railroad for which a liability may exist at law  *  *  *  shall have a lien on said railroad for said damages upon the roadbed, buildings, equipment, income, franchise, right-of-way and all other appurtenances of said railroad superior and paramount, whether prior in time or not, to that of all persons interested in said railroad as managers, lessees, mortgagees, trustees and beneficiaries under trust or owners."

It is conceded by the appellee that under the above section the appellant would have been entitled to a lien on the property that passed to the appellee by the foreclosure sale, if he had complied with the further provisions of section 6662 of Kirby's Digest, which is as follows: "The lien mentioned in the preceding section shall not be effectual unless suit shall be brought upon the claim or the claim shall be filed by order of court with the receiver of said railroad within one year after said claim shall have accrued."

The appellee is correct in its contention. The complaint does not allege that any suit was filed against B. F. Bush, as receiver of the St. L., I. M. & S. R. Co., or that the claim was filed, by order of the court having

jurisdiction over the receiver, with such receiver within one year after the claim accrued. This was essential as declared by section 6662, *supra,* in order to make appellant's lien effectual.

The meaning of the above statute is that, in order to make the lien, provided for therein, effectual, suit must be instituted upon the claim against the railroad company causing the damage, or if such company has passed into the hands of a receiver, then, by permission or order of the court, suit must be brought against the receiver or the claim filed with the receiver of such company within one year after the claim has accrued.

The complaint does not state a cause of action under section 6661, *supra.* See *Kansas City Southern R. R. Co.* v. *King,* 74 Ark. 368; Elliott on Railroads, Vol. 1, sec. 526. See 33 Cyc. 388.

The judgment is, therefore, correct and is affirmed.