Chicago, Rock Island & Pacific Railway Company v. McBride.

Opinion delivered October 28, 1918.

1. Railroads—liability for claims against receiver.—Where a receiver of a railroad is discharged, and the property returned to the railroad company with betterments and net earnings in excess of all claims' against the receiver, the railroad company is liable for a judgment obtained by an employee of the receiver for injuries received by him while in the receiver's employ, even though the railroad company was not a party to the proceeding in which such judgment was recovered.

2. SAME—LIABILITY FOR JUDGMENT AGAINST RECEIVER.—A complaint against a railroad company which alleges that plaintiff recovered a judgment against the receiver of defendant's railroad for injuries received by plaintiff while in the employ of the receiver; that the receiver failed to pay plaintiff's judgment and was discharged and turned back the railroad to the defendant; that the receiver turned over to the defendant the net earnings of the road and permanent additions and betterments largely in excess of all claims, demands and judgment against the receiver, *held* to state a cause of action.

Appeal from Sebastain Circuit Court, Fort Smith district; *Paul Little,* judge; affirmed.

*Thomas S. Buzbee* and *George B. Pugh,* for appellant.

1. The demurrer should have been sustained. Appellant was not liable for the negligence of the servants of the receiver. Appellant was not a party to the suit nor bound thereby as a privy. 96 Ark. 451; 75 *Id.* 1; 105 *Id.* 86; 96 *Id.* 405; 34 *Id.* 291; 35 *Id.* 62; 82 *Id.* 414; 80 *Id.* 82; 1 Fed. 641-643; 4 Pet. 475; 74 Atl. 254; 110 Pac. 1037. There was no privy between the corporation and its receiver. 23 Enc. Law (2 ed.) 101.

2. A railroad is not liable for the negligence of the servants of its receiver. The receiver's possession is not that of the corporation, but is antagonistic thereto and the company cannot control the receiver or his employees. 44 Ark. 322; 72 *Id.* 250; 74 *Id.* 292; 67 Fed. 456; High on Receivers (2 ed.), § 396 *et seq.;* 151 U. S. 81.

*Pace, Seawel & Davis,* for appellee.

The receiver was appointed by consent of appellant. The net earnings over and above improvements, betterments, expenses, etc., amounted to a large sum, which was turned over to the company. In the face of the admitted allegations the company is clearly liable. 151 U. S. 87; 164 *Id.* 636; 177 Ill. 52-68; 69 Am. St. 206; 76 Tex. 441; 13 S. W. 471, 421; 30 S. W. 725; 60 Fed. 494; 59 *Id.* 523; 73 Tex. 47; 151 U. S. 81; 34 Cyc. 338-340.

HUMPHREYS, J. Appellee filed suit against appellant on the 22d day of March, 1918, in the circuit court of Sebastian County, Ft. Smith District, on a judgment of $20,000 which appellee had recovered against Jacob M. Dickinson, receiver of appellant, on the 22d day of March, 1916, in the Southern District of the Prairie Circuit Court. The complaint alleged, in substance, that appellee is a resident and citizen of Little Rock, Arkansas; that appellant is an Illinois corporation engaged in operating a railroad in the State of Arkansas; that on the 22d day of March, 1916, appellee recovered a judgment in the sum of $20,000 in the Southern District of the Prairie Circuit Court against Jacob M. Dickinson, receiver of appellant railroad, for injuries received while in the employ of the receiver while operating said railroad in Arkansas; that the receiver was appointed by the United States Court for the Eastern Division of the Northern District of Illinois, on the 20th day of October, 1915, by the consent and acquiescence of appellant; that the receiver took possession of all of its property and managed and operated the same until his discharge on the 27th day of July, 1917; that during the time the receiver operated the road, the gross earnings were $44,658,713.98; that out of the gross earnings he paid $20,496,550.53 and interest on the funded and mortgaged indebtedness, $6,370,529.70 on permanent additions and betterments; that when discharged, he turned the property back to appellant with all betterments and paid it $18,832,949.40 net earnings; that the receiver failed and neglected to pay appellee's judgment aforesaid; that the net earnings alone of the receiver during the time he operated the road were largely in excess of all claims, demands and judgments against the receiver, including appellee's judgment; that the net earnings and permanent additions and betterments delivered by the receiver, when discharged, to the railroad company are chargeable with appellee's claim and judgment.

Certified copies of the judgment obtained in the Southern District of the Prairie Circuit Court and the affirmance thereof by the Supreme Court of the State of Arkansas were made parts of the complaint and attached as exhibits thereto.

Appellant filed the following demurrer to the complaint: "Said complaint does not state facts sufficient to constitute a cause of action against defendant (appellant herein), for the reason that this defendant was not a party to the action brought by the plaintiff in the Prairie Circuit Court, Southern District, in which he recovered judgment for the sum of $20,000 against Jacob M. Dickinson, and to permit the said plaintiff to recover a judgment against this defendant upon the allegations of the amended complaint herein would deprive this defendant of its property without due process of law, and thus would be a violation of section 1 of the 14th amendment to the Constitution of the United States."

The demurrer was heard and overruled by the court. The appellant refused to plead further and elected to stand upon the demurrer. The court found the issue for appellee and against appellant, and rendered judgment against appellant for the amount, in accordance with the prayer of the complaint. Proper exceptions were saved and an appeal has been prosecuted to this court from the judgment of the court in overruling the demurrer and rendering said judgment.

It is insisted by the appellant that it is not liable for the negligence of the servants of its receiver while operating the road, and that the judgment in question was obtained against the receiver for the negligence of his servants. This contention is based upon authority to the effect that, because a corporation has no control either over the receiver or his employees and because the possession of a receiver is antagonistic to the possession of the corporation for which he was appointed, therefore, the corporation can not be held for the negligent acts of the receiver or his employees in the conduct and management of the business while in control of a receiver.

Appellant also insists that it was not a party or privy in the original suit and not bound by the judgment rendered therein. This contention is, based upon the general rule that a judgment is conclusive only between the parties and their privies. It is true as an abstract proposition of law that a corporation is not responsible for the negligent acts of the servants of its receiver while the receiver is in possession of the property, and that only parties and privies to a judgment are conclusively bound by it. But the cause of action stated in this complaint and admitted by the demurrer, is not an attempt to hold the corporation responsible for the negligence of the employees of its receiver, nor to recover from the corporation on the ground that there is privity between the corporation and its receiver. This is an attempt to hold appellant on entirely different grounds. The complaint alleged, and the demurrer admitted, that the receiver in the instant case was appointed with the acquiescence and consent of appellant; that the net earnings of the receiver, while he had possession of the road, amounted to many million dollars, a part of which he put in betterments, a part of which he applied to the payment of interest on the funded mortgaged indebtedness of the road, and a large part of which he paid to the corporation when he returned the property to it; that that part of the net earnings returned to the corporation exceeded all claims incurred during the receivership, including the claim of appellee; that the property delivered to the receiver, when appointed was not sold under order of court, but was returned with betterments and additions to appellant corporation, together with many million dollars of net earnings.

It will be observed that this is an attempt to recover on a judgment in favor of appellee against the receiver of appellant corporation, rendered after a trial of the cause on its merits, out of the proceeds earned by the receiver and transferred by the receiver to the corporation without first paying the valid and binding indebtedness of the receiver. It would be inequitable to permit the cor-

poration to receive and hold the earnings of the receiver and not pay the liabilities incurred by him in the management and conduct of the business; so it was proper for appellee to recover under the alleged and admitted facts on equitable principles. In specifying the ground upon which the corporation was held liable in the case of *Texas & Pacific Ry. Co.* v. *Johnson,* 151 U. S. 81, a case quite similar to the instant case, Mr. Chief Justice Fuller said: ''The company was held liable upon the distinct ground that the earnings of the road were subject to the payment of claims for damages, and that as, in this instance, such earnings to an extent far greater than sufficient to pay the plaintiff had been diverted into betterments, of which the company had the benefit, it must respond directly for the claim. This was so by reason of the statute (Laws Tex. 1887, 120 c. 131, sec. 6), and, irrespective of statute, on equitable principles applicable under the facts.''

In the case of *Texas & Pacific Ry. Co.* v. *Bloom's Admr.,* 164 U. S. 636, after reiterating and affirming the doctrine announced in *Texas & Pacific Ry. Co.* v. *Johnson, supra,* Mr. Justice Shields said: ''It was indisputably shown at the trial, by the testimony of the receiver himself, that the earnings of the railroad while operated by him largely exceeded the expenses, and that a very large sum was applied by him to improvements and new equipments, so that 'the road was turned over to the company in far better condition and more valuable by far than when placed in the hands of the receiver.' Such state of facts certainly discloses an equitable claim against the railroad, on behalf of the plaintiff below.''

The same doctrine was announced in the case of *Garrison* v. *Texas & Pacific Ry. Co.,* 10 Texas Civil Appeals, 136, quoting third syllabus: ''Where the receivers are subsequently discharged and the property returned to the railway company with betterments of great value made by them, such claim in judgment against the receivers may be then enforced by suit thereon against the company, notwithstanding its non-allowance as against the receivers.''

In the case of *Bartlett* v. *Cicero Light, Heat & Power Co.,* 177 Ill. 68, damages for injuries to persons were classed as necessary expenses of the receivership, and Mr. Justice Magruder, in rendering the opinion, said: "Where the net income derived from the business during the receivership is diverted from the payment of such operating expenses, and applied to the permanent improvement of the property of the corporation, and the receiver is afterwards discharged, and the property is again turned over to the corporation, in such case the corporation is liable for torts during receivership to the extent of the net income so applied."

In support of the doctrine thus announced, the Justice cited: *Texas & Pacific Ry. Co.* v. *Johnson,* 76 Texas 421; *Texas etc. Rd. Co.* v. *Bailey,* 83 Texas 19; *Texas & Pacific Ry. Co.* v. *Comstock,* 83 Texas 537; *Boggs & Bro.* v. *Brown,* 82 *Id.* 41; *Brown* v. *Gay,* 76 *Id.* 444; 20 A. & E. Enc. of Law, p. 389; 2 Cook on Stock and Stockholders and Corporation Law (3rd ed.), sec. 875, note 2 pages 1447-1448.

It was contended in *Bartlett* v. *Cicero Light, Heat and Power Company, supra,* by the defendant in error that the case of *McNulta* v. *Lockridge,* 137 Ill. 270, announced a contrary doctrine. Mr. Justice Magruder took occasion to say, after analyzing the case of *McNulta* v. *Lockridge, supra,* that: "The reasoning of the court in the McNulta case lends support to the doctrine that a company, which receives its property back from the receiver improved and bettered, and after such property has been managed and operated for some time at an expense paid by the receiver out of the property, cannot escape liability for the torts of the receiver's agents or employees."

We have not overlooked the contention of appellant that the effect of adopting the rule announced by the authorities cited may result in preventing the original corporation, or the appellant in this case, from defending the suit on its merits. As we see it, the only thing which should concern appellant is whether or not there

are sufficient net earnings from the receivership in its hands to pay the judgment obtained against the receiver. The case of *Garrison* v. *T. & P. Ry. Co.*, 10 Texas Civil Appeals, 136, was a case where a judgment had been rendered against the receiver and, after his discharge, a suit brought on the judgment against the railway company. The court said in that case: "We think it must be accepted as settled that the act of Congress which authorizes receivers appointed by Federal courts to be sued without leave of the court making the appointment has the effect of making the judgments rendered in suits so brought conclusive as to the amount thereof." The declaration of the court touching upon this point seems to be amply supported by authorities. The original corporation had no right in equity and good conscience to have more out of the earnings of the receivership than the net earnings after the payment of all just and valid claims. Especially is that true where it is conceded that appellant acquiesced in and consented to the receivership.

No error appearing, the judgment is affirmed.