BOLTON *v.* MISSOURI PACIFIC RAILROAD COMPANY.

Opinion delivered March 12, 1923.

1.  RAILROADS—FEDERAL CONTROL.—Under the Federal Control Act (U. S. Comp. Stat. Ann. Supp. 1919, §§ 3115¾a-3115¾p.) suits might be brought and prosecuted against a railroad company for a cause of action which had become vested before the Director General of Railroads took charge.

2.  RAILROADS—LIABILITY OF PURCHASER OF RAILROAD.—One who has not recovered judgment against a railroad company or the receiver thereof operating the railroad at the time the injury complained of was received, cannot recover from a railroad which subsequently obtained possession by purchase under decree of a chancery court.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; affirmed.

STATEMENT OF FACTS.

On the 20th of June, 1919, Clifton Bolton, a minor, by his next friend, sued Walker D. Hines, Director General of Railroads, for damages for personal injuries received by him on the 6th day of July, 1916.

His complaint alleges that he was injured while returning from work, by the negligence of one of the brakemen of the railroad company shoving him off of one of its trains while it was running at a high rate of speed.

This court held that the Federal Control Act gave the exclusive management of railroads to the Director General, but that it never contemplated that the government would be liable for causes of action against railroads which had become vested before the Director General took charge of them. Hence it held that the plaintiff could not maintain his action against the Director General for the negligence of the railroad company which occurred before the Director General took charge of the railroads under the act of Congress. *Bolton* v. *Hines,* 143 Ark. 601.

On May 17, 1920, the plaintiff sued the Missouri Pacific Railroad Company for damages for the same injury. The former suit against the Director General of Railroads was pleaded by the railroad company as a bar to the action. The plea was sustained, and upon appeal it was sought to affirm the judgment on the ground that on the date of the alleged injury the railroad was being operated by the St. Louis, Iron Mountain & Southern Railway Company, and that subsequently the railroad was sold under the decree of the Federal court, and the Missouri Pacific Railroad Company became the purchaser at the sale. It was insisted that this court would take judicial notice of these proceedings. This court held that it could not take notice of the records of other courts, and held further that an adjudication in favor of the Director General of Railroads was not an adjudication of the right of the plaintiff to sue the railroad itself for an injury which occurred before the government assumed control of the railroad. *Bolton* v. *Mo. Pac. Rd. Co.,* 148 Ark. 319.

Upon a remand of the case the Missouri Pacific Railroad Company filed a motion to require the plaintiff to make his complaint more definite and certain. He was asked to state in his complaint who was operating the railroad at the time his alleged injury was received. The plaintiff filed an amended complaint in which he alleged that the St. Louis, Iron Mountain &

Southern Railway Company was operating the railroad at the time his injury was received, and that later B. F. Bush, receiver, operated the railroad at the time it was purchased by the Missouri Pacific Railroad Company. The defendant, Missouri Pacific Railroad Company, demurred to the complaint on the ground that the plaintiff could not maintain a cause of action against it for injuries received while the railroad was being operated by the St. Louis, ·Iron Mountain & Southern Railway Company, or by B. F. Bush as receiver of said company.

The court sustained a demurrer to the amended complaint, and the plaintiff elected to stand upon his amended complaint.

From a judgment in favor of the defendant the plaintiff has duly prosecuted an appeal to this court.

*Oscar H. Winn,* for appellant.

*Thos. B. Pryor* and *Ponder & Gibson,* for appellee.

No cause of action against the appellant was stated. The case should be governed by this court's decision in *Williams* v. *Railroad Company,* 134 Ark. 366. See also 136 Ark. 193; 18 Am. St. Rep. 460; 69 *Id.* 206; 22 *Id.* 56; 74 Ark. 368; 1 Elliott on Railroads, § 526; 33 Cyc. 338.

HART, J., (after stating the facts). Under the Federal Control Act the rights and remedies against common carriers enjoyed at the time the railroads were taken over by the President, except in so far as such rights or remedies interfered with Federal operation, were preserved to the general public. Under the act suits might be brought and prosecuted against the railroad company for a cause of action which had become vested before the Director of Railroads took charge of the common carriers under the act of Congress. *Mo. Pac. R. Co.* v. *Ault,* 256 U. S. 554.

According to the allegations of the complaint, the Missouri Pacific Railroad Company purchased the railroad which was the alleged cause of the injury to the plaintiff, some time after the injury occurred. Hence

the plaintiff's cause of action had become vested before the purchase was made of the railroad by the Missouri Pacific Railroad Company.

The complaint does not contain any allegation that the plaintiff had recovered judgment against the company operating the road at the time he received his injury, and that on this account a judgment against the operating railroad company would bind its property in the hands of another company purchasing it. In the absence of an allegation in the complaint that the plaintiff had recovered judgment against the company, or the receiver thereof operating the railroad, at the time the plaintiff received his injury, the Missouri Pacific Railroad Company, which subsequently obtained possession of the road by purchase under a decree of a chancery court, is not liable, and no lien can be fixed against its property. *Williams* v. *Mo. Pac. Rd. Co.,* 134 Ark. 366, and *C. R. I. & P. Ry. Co.* v. *McBride,* 136 Ark. 193.

The complaint does not. allege that any suit was filed against the St. Louis, Iron Mountain & Southern Railway Company or against the receiver of such railway company and judgment obtained thereunder. The complaint does show that the injury was received by the plaintiff while the St. Louis, Iron Mountain & Southern Railroad Company or its receiver was operating the road.

Therefore the court properly sustained a demurrer to the amended complaint, and the judgment must be affirmed.