## FT. WORTH & R. G. RY. CO. v. BALLOU.
### (No. 5444.)

(Court of Civil Appeals of Texas. Austin. Feb. 24, 1915.)

1. RAILROADS  ⬤⟞265—INJURIES—RECEIVERS—LIABILITY OF CORPORATION.

A corporation owning a railroad operated by a receiver appointed by a federal court is not liable for injuries caused by the receiver's negligence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 838–853; Dec. Dig. ⬤⟞265.]

2. JUSTICES OF THE PEACE  ⬤⟞174—APPEAL TO COUNTY COURT — PLEADINGS — AMENDMENTS.

A railroad company appealing to the county court from a justice's judgment awarding damages for injuries to a shipment of live stock may amend its pleading in the county court and file a special plea, alleging that at the time of the injuries the railroad was operated by a receiver, though the statute forbids a plaintiff from setting up a new cause of action, and prohibits a defendant from setting up a counterclaim or set-off not pleaded in the justice's court.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 665–693; Dec. Dig. ⬤⟞ 174.]

3. RAILROADS  ⬤⟞268 — LIABILITY OF ROAD UNDER RECEIVERSHIP.

A carrier may, when sued for injuries to a shipment of live stock, prove under a general denial that the injury occurred while its road was operated by a receiver.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 861–864; Dec. Dig. ⬤⟞268.]

4. RAILROADS  ⬤⟞273 — RECEIVERSHIP — DIRECTING VERDICT.

Where, in an action against a carrier for injuries to live stock, the fact that the injuries occurred while the railroad was operated by a receiver was proved by uncontradicted evidence, the court must direct a verdict for the carrier.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. ⬤⟞273.]

Appeal from Hamilton County Court; J. L. Lewis, Judge.

Action by Steve Ballou against the Ft. Worth & Rio Grande Railway Company and another. There was a judgment for the co-defendant and for plaintiff against the defendant named, and the latter appeals. Reversed and rendered in part and affirmed in part.

Marshall Ferguson, of Stephenville, for aplant. Eidson & Eidson, of Hamilton, for appellee.

KEY, C. J. Appellee sued appellant and another railway company in the justice of the peace court to recover damages for injuries to a certain shipment of live stock, which occurred in November, 1913. He recovered a judgment against both defendants in the justice's court, and the Ft. Worth & Rio Grande Railway Company appealed the case to the county court, where there was a trial de novo, and judgment rendered for one defendant and for the plaintiff against the other defendant, and that defendant has prosecuted an appeal.

In the county court appellant filed an amended answer, which embraced a general demurrer, a general denial, and a special plea alleging that at the time of the injuries complained of appellant was not operating the railroad, but that the same was being operated by receivers appointed by a federal court. The plaintiff filed an exception to the special plea referred to, upon the ground that no such plea had been presented in the justice's court. The county court sustained that exception, and that ruling is assigned as error.

The appellant offered in evidence a certified copy of a judgment or order of a United States District Court appointing Avery Turner and G. H. Schleyer receivers of the railroad and other property owned by appellant, which order was made July 5, 1913, prior to the shipment of live stock here involved. The appellee objected to that instrument as irrelevant and immaterial, and the trial court sustained that objection, which ruling is assigned as error.

Over the objection of appellant, the plaintiff was permitted to testify that at the trial of the case in the justice's court appellant offered no evidence, which ruling is assigned as error.

At the trial of the case it was proved by two witnesses, and there was no evidence to the contrary, that at the time of the shipment in question the Ft. Worth & Rio Grande Railway was in the hands of receivers and

being operated by them; whereupon and for which reason the appellant requested the court to instruct the jury to return a verdict for the defendant, and the refusal of the court to give that instruction is also assigned as error.

[1] We sustain all of the foregoing assignments of error, and hold that the case must be reversed, and judgment rendered for appellant. It is a well-settled rule of law, and not denied by counsel for appellee, that, when a railroad is being operated by a receiver, the corporation which owns the railroad is not liable for injuries caused by the negligence of the receiver, or those who are acting for him in the operation of the railroad. M., K. & T. Ry. Co. v. McFadden, 89 Tex. 138, 33 S. W. 853, and authorities there cited.

[2] When a case is appealed from a justice's court to the county court, the statute forbids a plaintiff to set up a new cause of action, and prohibits a defendant to set up a counterclaim or set-off, not pleaded in the justice's court. With these exceptions, either party has the same right to amend that would exist if the case had originated in the county court, and we therefore hold that the court erred when it struck out appellant's special plea. Railway Co. v. Denson, 26 S. W. 265; Gholston v. Ramey, 30 S. W. 713.

[3] Furthermore, we are of opinion that the general denial filed by appellant was a sufficient plea to admit proof of the receivership, because such proof showed that the injuries complained of were not committed by the defendant that was sued, but by some one else. Such proof is in direct rebuttal of the plaintiff's cause of action, and therefore it was not necessary that it should be specially pleaded. Hence we hold that the court erred in not admitting in evidence the order of the federal court appointing receivers.

[4] However, the fact of such receivership was proved by the testimony of two uncontradicted witnesses, and therefore we think the court should have instructed the jury, as requested by appellant, to return a verdict for the latter.

For the reasons pointed out, the judgment of the trial court as between appellant and appellee, Ballou, is reversed, and judgment here rendered for appellant; otherwise it is affirmed.

Reversed and rendered in part and affirmed in part.