INTERNATIONAL & G. N. RY. CO. v. PERKINS et al.   (No. 964.)

(Court of Civil Appeals of Texas. Amarillo. April 19, 1916.)

1. RAILROADS ⊂⇒265—RECEIVERS—LIABILITY OF ROAD.

A railway company, in the absence of statute, is not liable for the acts of a court receiver by reason alone of his relation to the property of the road.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 838–853; Dec. Dig. ⊂⇒265.]

2. RAILROADS ⊂⇒265—RECEIVERS—LIABILITY OF ROAD.

Damages to third persons occurring while a railroad is operated by a receiver are a part of his expenses incurred in running the road, and payable out of current earnings, which, if diverted by him and placed in permanent improvements, or turned over to the road without a sale, makes the road liable to the extent of the earnings diverted or turned over.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 838–853; Dec. Dig. ⊂⇒265.]

3. RAILROADS ⊂⇒265 — RECEIVER — SHOWING OF LIABILITY.

In suit against a railroad for loss of goods while in hands of a receiver, a state of facts must be shown creating a liability on the road, which is not primarily liable for the acts of the receiver.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 838–853; Dec. Dig. ⊂⇒265.]

4. RAILROADS ⊂⇒258—RECEIVER—PURCHASE OF ROAD—LIABILITY FOR RECEIVER'S ACTS.

Generally, the purchaser of a railroad at a sale made under the order of a court holding custody of the property by a receiver takes the property free from claims against the receiver arising out of the operation of the road, unless the court ordering the sale imposes on the pur-

chaser liability for such debts as part of the consideration.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 799–801; Dec. Dig. ⚛═258.]

5. RAILROADS ⚛═265 — RECEIVER — REPURCHASE OF PROPERTY BY ROAD — LIABILITY FOR RECEIVER'S ACT.

Where a railroad, after receivership, purchased and paid for its former property, including money on hand and current assets sold by the receiver under order of court, it was not liable, in the absence of assumption of liability in some manner, for a claim against the receiver for loss of goods in transit.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 838–853; Dec. Dig. ⚛═265.]

6. RAILROADS ⚛═265—RECEIVER—LIABILITY—PLEADING.

In action against a railroad, for its receiver's negligence in losing goods in transit, brought after the receiver has sold the property and current assets by order of court, it must be pleaded and proven that the road in some manner assumed the liability.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 838–853; Dec. Dig. ⚛═265.]

Appeal from Hardeman County Court; D. E. Magee, Judge.

Suit by J. J. Perkins and another against the International & Great Northern Railway Company and others. From a judgment against the named defendant, it appeals. Reversed and remanded in part, and affirmed in part.

See, also, 184 S. W. 725.

Wilson, Dabney & King, of Houston, and J. A. Clarke, of Quanah, for appellant. Berry, Stokes & Morgan, of Vernon, and Marshall & Perkins and M. M. Hankins, all of Quanah, for appellees.

HENDRICKS, J. The appellees, Perkins and Watkins, sued the appellant, the International & Great Northern Railway Company, along with the Ft. Worth & Denver City Railway Company, and the Mallory Steamship Company, to recover as upon a breach of contract in writing for failure to deliver a case of shoes. The trial judge, without the aid of a jury, rendered judgment only against the International & Great Northern Railway Company for the wholesale value of the shoes.

The first assignment of error is that:

"The undisputed evidence, as well as the findings by the trial court, show that the International & Great Northern Railway Company, at the time of the loss of the shoes in controversy, was in the hands of a receiver, appointed by the United States Circuit Court, for the Northern District of Texas, and at the time this suit was brought said Railway had been sold out under order of said court and delivered to said defendant as the assignee of the purchaser; and plaintiffs neither alleged nor proved any fact or facts necessary to show liability of said defendant for the loss of the case of shoes in controversy by the receiver of its property while the same was in his hands as such."

It is further assigned—and which seems to be the ground of the principal controverting argument between the parties—that there was a failure of allegations and proof

that any of the revenues of the receivership were expended in betterments to the property while the same was in the hands of the receiver; the appellee contending that the order of the federal court showing that moneys and current assets were delivered by the receiver to the purchaser is a sufficient predicate for the judgment rendered by the trial court in this case.

[1] The property of the railway company, as assumed by appellee, was not redelivered to it without a sale. The record shows that the property and franchises of the company were actually sold and paid for. A railway company, in the absence of a statute, is not liable for the acts of a court receiver by reason alone of his relation to the property of said company. Texas & Pacific Ry. Co. v. Johnson, 76 Tex. 421, 13 S. W. 463, 18 Am. St. Rep. 60.

[2] Damages occurring while the railroad is operated by such receiver are, of course, a part of the receiver's expenses, incurred in running the road, and are payable out of his current earnings, which, if diverted by the receiver and placed in permanent improvements, or turned over to the railroad company, without a sale, makes said company liable to the extent of the earnings diverted or turned over. Railway Co. v. Johnson, supra; Holman v. Railway Company, 14 Tex. Civ. App. 503, 37 S. W. 464.

[3] The railroad company not being primarily liable for the acts of the receiver, arising from his negligence, on account of being an independent agent of the court, a state of facts must be shown creating the liability of said company. Hicks v. International & Great Northern Ry. Co., 62 Tex. 40; Ryan v. Hays, Receiver, 62 Tex. 43; H. & T. C. Ry. Co. v. Crawford, 88 Tex. 277, 31 S. W. 176, 28 L. R. A. 761, 53 Am. St. Rep. 752; S. A. & A. P. Ry. Co. v. Bowles, 88 Tex. 634, 32 S. W. 880.

[4, 5] "As a general rule, the purchaser of a railroad at a sale, made under an order of a court, holding the custody of the property by a receiver, takes the property free from claims against the receiver arising out of the operation of the road," unless the court ordering the sale imposes upon the purchaser of the property liability for such debts as a part of the consideration of the purchase. Railway Co. v. Crawford, 88 Tex. 279, 31 S. W. 176, 28 L. R. A. 761, 53 Am. St. Rep. 752. The purchaser would necessarily buy the betterments, and the creditor would be required to look to the fund paid for the property. If, however, the property, as the order of the federal court in this case shows, was actually purchased and paid for, and though it may have included money on hand and current assets, and though the property afterwards was delivered to the railway company, the receiver, and not the

railway company, having been originally liable for the claim, the case of Hicks v. International & Great Northern Ry. Co., supra, would control this record. That was an action of damages, brought by Hicks against the railway company, after the receiver had been discharged. The liability was one against the receiver, based upon the negligence of his servants. The road was purchased and reconveyed to the railway company. "The claim * * * was not one for which the appellee (railway company) was liable as a corporation, and it could not become liable by the repurchase of property which it had formerly owned. By the sale made by the receiver, it not being shown to be collusive, the title to the property, the income of which while in the hands of the receiver must have been subject to the payment of appellant's claim, had it been established against the receiver, passed to the purchaser, freed from the claims of those persons holding claims against the receiver, and the appellee (railway company), under the facts shown in this case, took it." A careful reading of the Crawford and the Bowles Cases, supra, sustains the same conclusion.

[6] Unless the railway company, in some manner, has assumed this liability, which must be pleaded and proven, if the record, upon another trial, shows a purchase and payment for the property, at the judicial sale, the appellant in this case would not be liable, and, upon the same record as exhibited here, the trial court should so find or direct.

Upon the record, as presented, we do not think, without going into detailed reasons, that the statutes of limitation would operate as a bar. The cause is reversed and remanded as to appellant, and affirmed as to the Denver Company and the Mallory Steamship Company.

Reversed and remanded in part, and affirmed in part.