FT. WORTH & R. G. RY. CO. v. ZIDELL.
(No. 5997.)

(Court of Civil Appeals of Texas. San Antonio. March 27, 1918.)

1. RECEIVERS ⬤168—ACTION AGAINST RAILROAD COMPANY AFTER TERMINATION OF RECEIVERSHIP.

Where railway was in hands of receivers when plaintiff's cause of action for injury to

shipment of household goods accrued, and for nearly a year thereafter, the receivers should be made parties to his action against the railroad for such damage, brought after termination of the receivership.

2. RAILROADS ⊂⟩265—RECEIVERS—LIABILITY FOR INJURIES TO PROPERTY.

A railway company, after termination of receivership, was not liable for loss or damages to shipment of household goods occurring during the receivership, where it was not shown that the receiver operated at a profit, and that sufficient net earnings to pay all claims incurred by the receivers had been paid over to the company on termination of the receivership, or that the court appointing the receiver made his debts a charge upon the corpus of the property, or that, when the receivership terminated, the debts incurred were made a charge against the railway company.

Appeal from Menard County Court; J. D. Scruggs, Judge.

Action by J. Zidell against the Ft. Worth & Rio Grande Railway Company. From judgment for plaintiff, defendant appeals. Reversed and rendered.

S. C. Rowe, of Ft. Worth, and Sam McCollum, of Brady, for appellant. Joe P. Flack and Fred T. Neel, both of Menard, for appellee.

FLY, C. J. This suit originated in the justice's court, where appellee sought and obtained a recovery of appellant for $154, and $20 for attorney's fees, alleged to have accrued from damages to certain household furniture, mercantile furniture, and fixtures shipped from Rosebud, Tex., to Menard, Tex. The cause was appealed to the county court, where appellant answered, alleging that on July 5, 1913, the railway was placed in the hands of receivers and had remained in the hands of such receivers, who were appointed by a federal District Court, until November 3, 1916, and that the railway was in the hands of the receivers when this cause of action accrued, and for nearly a year thereafter, and appellant was not, by allegation or proof, shown to be liable for the damages, if any were incurred. The cause was tried without a jury, and judgment rendered in favor of appellee for $154, with interest at 6 per cent. from November 23, 1915.

[1] Appellee neither alleged nor proved any cause of action against appellant. The evidence showed that when the shipment was made, and a long time before and after that time, appellant's property was in the hands of receivers, and they were not made parties; neither was there any allegation or proof that the road had been operated at a profit, and that sufficient net earnings to pay all claims incurred by the receivers had been paid over to the appellant when the receivership was terminated. As said by the Supreme Court in Railway v. McFadden, 89 Tex. 138, 32 S. W. 526:

"A receiver is the agent of the court, and not the agent of the owner of the property which is placed in his charge, and it is well settled as a general rule that the owner is in no manner responsible for the receivers' acts. * * *

We cannot hold that from the mere fact that upon their discharge the company took charge of its property it made itself liable for a breach of their contracts or for their torts."

[2] There was no effort made to show that the court appointing the receiver made his debts a charge upon the corpus of the property, or that when the receivership was terminated the debts incurred were made a charge against the railway company. Trust Co. v. Railway Co., 59 Tex. Civ. App. 157, 126 S. W. 296; Kirby Lumber Co. v. Cunningham, 154 S. W. 288; Railway v. Ballou, 174 S. W. 337. The last case cited is quite similar to the one under consideration.

The judgment is reversed, and judgment here rendered that appellee take nothing by his suit, and that he pay all costs incurred in this and the two lower courts.