BEST & RUSSELL CIGAR CO. v. WILLIAM REESE CO. et al. (No. 8951.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 25, 1919.)

1. RAILROADS ⬳265—RECEIVER'S LIABILITY—TERMINATION OF RECEIVERSHIP.

After termination of railroad receivership, receiver cannot be held liable for negligence in operation of railroad during receivership, where he was not personally at fault; the receiver's liability being official, and being terminated upon termination of receivership.

2. RAILROADS ⬳212 — RECEIVERSHIP — TERMINATION—LIABILITY OF RAILROAD.

In absence of statute, railroad, upon termination of receivership, is not liable for negligence in operation of road during the receivership, unless profits of operation during such time have been paid over to the company or invested in betterments, or the company or its property was made liable for debts of the receivership in the order or decree discharging receivers.

3. STATES ⬳4 — FEDERAL RECEIVERSHIP — LAWS APPLICABLE.

State statutes are not applicable to federal receiverships.

4. RAILROADS ⬳270 — RECEIVERSHIP — TERMINATION OF RECEIVERSHIP — ACTION AGAINST RAILROAD.

In action against railroad, after termination of receivership, to recover damages from operation of road by receivers, plaintiff has burden of proving that profits of operation of road by receivers were paid over to company or invested in betterments, or that railroad was made liable for the receiver's debts by order or decree of court.

5. SALES ⬳343, 344—QUANTUM MERUIT.

Irrespective of an express contract of purchase, one receiving and using goods is liable in quantum meruit for their reasonable value.

Appeal from Comanche County Court; J. H. McMillan, Judge.

Action by the Best & Russell Cigar Company against the William Reese Company and others. From judgment for defendants, plaintiff appeals. Affirmed in part, and reversed and remanded in part.

W. T. McPherson, of Comanche, for appellant.

Smith & Palmer, of Comanche, for appellees.

CONNER, C. J. Appellant filed this suit to recover the sum of $105 for a case of cigars, which in one count of its petition it was alleged that the William Reese Company had ordered and had contracted to pay therefor the sum stated. In another count of the petition it was alleged that the cigars had, in fact, been shipped and delivered to the William Reese Company and used by them, and that they were therefore liable for the reasonable value thereof, which it was alleged amount to $105.

The plaintiff further alleged that, if it should be found that the William Reese Company had neither purchased nor received the case of cigars in question, as specially asserted by them in their answer, it was nevertheless true that the cigars had been received by the railroad company, and its receivers named, for the purpose of delivery to the William Reese Company, and the prayer was, in the event of a judgment for that defendant, that the plaintiff might have judgment against the railway company and its receivers for the reasonable value thereof, as already stated.

The case originated in the justice court, but on a trial de novo in the county court, on the issues as above stated, there was a jury verdict and judgment for the defendant William Reese Company, and a directed verdict in favor of the railway company and its receivers, from all of which the plaintiff has appealed.

[1] We find it necessary to discuss but two questions presented, and this will be done briefly. Appellant insists that the court

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

erred in summarily dismissing and entering judgment for the railway company and its receivers. In this action, however, it cannot be said that the trial court erred. It is true that the evidence tends to show, if it did not conclusively show, that the case of cigars in question had been received and transported over the defendant railway to Comanche, Tex., to which point it was billed; but it is undisputed that this occurred, if at all, during the pendency of the receivership, and that the receivers had been duly discharged by the court appointing them long before the trial. The sole liability of the receivers, except in cases in which they are personally at fault (and nothing of that character is alleged in this suit) is official; and when their official career ceases, and when the property delivered to them as receivers has passed from their hands under orders of the court that appointed them, and they have been by that court discharged from their trust, then no judgment can be rendered against them. With the termination of their official existence, their official liability is ended. See Ryan v. Hayes, 62 Tex. 47; Brown, Receiver, v. Gay, 76 Tex. 444, 13 S. W. 472, and cases therein cited. It cannot therefore, as stated, be said that the court improperly dismissed the receivers in this case.

[2] We do not feel able to say that the court erred in rendering judgment for the railway company. It was alleged in the answer of the railway company that if the case of cigars had ever been transported over its line of road, as alleged by plaintiff, and delivered, that it was so done while its property was in the hands of the receivers, who had been duly appointed by the federal court at Ft. Worth, Tex., and that therefore it was not liable in any event. No pleading in behalf of plaintiff controverted these allegations, nor does appellant point out any evidence indicating an issue on this point, and we must assume, we think, that the court based his action upon the pleading so presented and undisputed evidence supporting them. Such being the state of the record, it seems clear that no cause of action was presented against the railway company. As stated by this court in the case of Ft. Worth & Rio Grande Ry. Co. v. Burleson, 214 S. W. 617, decided on November 30, 1918, in an opinion not yet officially published:

"In the absence of some statute otherwise providing, neither a railway company nor its property, after the termination of the receivership proceedings, is liable for the negligence of the receivers while operating the property, unless it be shown that the receivers had operated the railroad at a profit, which profit had been paid over to the railroad company when the receivership was terminated, or that sufficient proceeds arising from the operation of the road had been invested by the receivers in the improvement and betterment of the physical property returned to the company, or that the com-pany or its property had been made liable for the debts of the receivership in the order or decree discharging the receivers and under which the company resumed possession and control."

[3, 4] And in cases of federal receiverships, to which our statutes otherwise providing have no application, a shipper, suing for damages because of negligence of the receivers, has the burden of alleging and proving some one or more of the essential facts, as above stated, in order to justify a recovery against the railway company and its properties. See Kansas City, M. & O. Ry. Co. v. Russell, 184 S. W. 299; I. & G. N. Ry. Co. v. Perkins, 185 S. W. 657; Hovey v. Weaver, 175 S. W. 1089; Ft. Worth & R. G. Ry. Co. v. Zidell, 202 S. W. 351. The plaintiff, therefore, not having in this case alleged or proven any fact necessary to entitle him to a recovery against the railway company, properly suffered judgment against him as given by the court. The judgment below, in so far as it was in favor of the receivers and the railway company, must accordingly be affirmed.

We are of the opinion, however, that there was reversible error relating to the verdict and judgment in favor of the defendant William Reese Company. As between the plaintiff and the William Reese Company the court thus submitted the issues:

"If you find, from a preponderance of the evidence, William Reese Company bought the case of cigars in question from plaintiff, as alleged by plaintiff, and you further find that plaintiff shipped said case of cigars to said defendant, or caused such shipment to be made, and that such shipment reached the depot in Comanche, you will find for the plaintiff against William Reese Company for the price of said cigars, with interest at the rate of 6 per cent. per annum from the 1st day of January, 1914. Unless you find from a preponderance of the evidence that the defendant bought said cigars, and plaintiff shipped or caused said case of cigars to be shipped to defendant, you will find for the defendant."

[5] As already noted, the plaintiff, in addition to the contract declared upon, also presented a plea in the nature of a quantum meruit. Evidence was conflicting on the issue of whether the William Reese Company had ordered and agreed to pay for the case of cigars as alleged by the plaintiff, and it was proper for the court to submit that issue; but it is clear that the whole charge quoted excludes entirely any right of recovery in the plaintiff on the ground that William Reese Company, notwithstanding they had not purchased the cigars, had received them and used them, and were therefore liable for the reasonable value of the same. Appellants insist that the evidence was conclusive in its favor on this issue, but after careful consideration of the evidence, we do not feel able to say so. We think that there was evidence in favor of the plaintiff on this issue that would have supported a verdict in

its favor, and the charge of the court was undoubtedly erroneous in excluding the issue. Appellant's objections to the charge sufficiently present the question, and its assignments relating thereto are accordingly sustained, and the judgment, as between the appellant and the William Reese Company, will be reversed, and the cause as to said parties remanded for trial.

Affirmed in part, and reversed and remanded in part.