CHICAGO, R. I. & P. RY. CO. v. LOPEZ.
(No. 910.) *

(Court of Civil Appeals of Texas.    El Paso.
Jan. 30, 1919.    Rehearing Denied
Feb. 20, 1919.)

1. RAILROADS ☞212 — RECEIVERSHIP — LIABILITY OF RAILROAD.

Railroad not being primarily liable for acts of receiver arising from his negligence, because receiver is an independent agent of the court, in suit against railroad after discharge of receiver to enforce obligation or liability incurred by receiver, a state of facts must be shown creating liability of railroad.

2. RAILROADS ☞212 — RECEIVERSHIP — LIABILITY OF RAILROAD.

Damages for personal injuries to railroad's servant while railroad is operated by receiver are part of receiver's expenses incurred in operating, payable out of current earnings of railroad, which earnings, if diverted by receiver, and placed in permanent improvements, or turned over to railroad without sale, make it liable to extent of earnings diverted or turned over.

3. RAILROADS ☞212—RECEIVERS—ASSUMPTION OF LIABILITY.

Railroad company held to have assumed all liabilities of its receiver or receivers when it received back its properties pursuant to order of court, in view of decree, in connection with indemnity agreement.

4. ESTOPPEL ☞68(1) — INCONSISTENT POSITION IN JUDICIAL PROCEEDINGS.

Party will not be allowed to maintain inconsistent position in judicial proceedings, a rule not one strictly of estoppel, but resting more on considerations of orderliness, regularity, and expedition of litigation.

5. RAILROADS ☞212 — RECEIVERSHIP — ASSUMPTION OF LIABILITY—BETTERMENTS.

If railroad unqualifiedly assumed liability of receiver as to injured servant's cause of action and secured discharge of receivership and redelivery to it of all properties without sale, issue of betterments is immaterial in fixing railroad's liability to servant, though he alleges railroad's liability rests upon betterments rather than upon assumption.

6. RAILROADS ☞212—RECEIVERS—ASSUMPTION OF LIABILITY—ALLEGATION OF BETTERMENTS.

In action by injured servant against railroad previously under receivership, evidence held sufficient to show betterments by receiver, at least prima facie.

7. MASTER AND SERVANT ☞278(19) — INJURIES TO SERVANT—NEGLIGENCE OF FOREMAN —SUFFICIENCY OF EVIDENCE.

Evidence held to sustain finding that railroad receiver's foreman of section hands was guilty of negligence in ordering plaintiff, a minor, to ride on a hand car overcrowded with eight other men.

8. MASTER AND SERVANT ☞218(3) — INJURY TO SERVANT—ASSUMPTION OF RISK.

Where minor servant of railroad's receiver did not know of dangers of working on hand car under circumstances surrounding him at time he received his injuries, he did not assume the risk.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Suit by Antonio Lopez against the Chicago, Rock Island & Pacific Railway Company. From judgment for plaintiff, defendant appeals. Affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error denied April 2, 1919.

W. A. Hawkins and W. M. Peticolas, both of El Paso, for appellant.

O. R. Armstrong, of El Paso, for appellee.

WALTHALL, J. This is a personal injury suit brought by Antonio Lopez, a minor, by next friend, against appellant, Chicago, Rock Island & Pacific Railway Company, to recover damages received by him on the 8th of October, 1916, while a section hand on a division of appellant's road in the state of Oklahoma, and while operating a hand car in the discharge of his duties. The negligence assigned is that, on said date, appellee and nine other employés of appellant were directed by appellant's foreman to enter upon a hand car and operate same, placing appellee near the outer edge in an unsafe position thereon; that there was insufficient space on said hand car to safely accommodate all of the employés thereon, and insufficient space on the handle bars of the hand car for him to grasp a hold thereon along with other employés; that while in the upward and downward motion of the handle bars in propelling the hand car, on account of insufficient space and the slippery nature of the handle bars, he was thrown from said car and severely and permanently injured. Appellant alleged that he was a minor, and inexperienced in operating a hand car, did not know and was not informed of the danger to which he was thereby exposed, was unable to protect himself and avoid the injury which came suddenly and unexpectedly. He alleged a receipt from appellant of $100, but paid so shortly after the injury and after certain injections of such character as to make him sick and impair his mental condition to such extent that he was not in his right mind and did not know that same was in settlement of his injuries; alleged the inadequacy of the sum paid.

While alleging that, at the time he was injured, the appellant was in hand of receiver, Jacob M. Dickinson, he alleged the receiver had been discharged at the time of the filing of his suit; that all of its properties had been returned to appellant by the court, without sale, in a bettered condition.

Appellant answered by general demurrer, general denial, pleaded the receivership at the time of the accident causing the injury, the various and sundry orders in the matter of the receivership, a reorganization of appellant under said receivership, the approval by the court of the plan of its reorganization, and the entry of the court's final decree and the provisions of said decree claiming thereby immunity from any cause of action, save under said decree; pleaded that appellant was of full age and a settlement of said claim by reason of the payment to appellee of $100; denied the negligence alleged; and pleaded contributory negligence. The cause

209 S.W.—13

was tried without a jury, resulting in a judgment for appellee in the sum of $2,000.

The trial court, at request of appellant, made and filed findings of fact and conclusions of law, as follows:

"That the plaintiff, at the time complained of, was returning to his home station, riding on a hand car, in the course of his employment. That plaintiff was then employed by the receiver of the Chicago, Rock Island & Pacific Railway Company at the place mentioned in plaintiff's petition (El Reno, Okl.). That there were nine men on the hand car. That nine men on the hand car crowded the hand car; the hand car was a pump hand car. That the receiver's foreman, in charge of plaintiff, was guilty of negligence in ordering plaintiff to ride on the hand car in its crowded condition, and that the negligence of the foreman proximately contributed to plaintiff's injuries, and that the foreman was the vice principal of the receivers of the defendant railroad. That while plaintiff was riding on the hand car a negro coemployé, in pumping the hand car, jostled plaintiff, causing plaintiff to lose his balance and causing him to fall from the hand car, crushing his heel and ankle. That plaintiff suffered continual pain for nine months. That plaintiff's capacity to earn money has been materially diminished. That plaintiff suffered damage in the sum of $2,100. That thereafter the receiver's claim agent, on the 12th day of October, 1916, four days after plaintiff had suffered severe injury and while plaintiff was in the hospital, sought a release from plaintiff and paid plaintiff $100 for a release. At the time of obtaining the release introduced in evidence, plaintiff was incapable of contracting by reason of the medicines he had taken and the severe pain, which deprived him of the use of his senses and judgment, which fact was known to receiver's claim agent. That at the time of the accident, and ever since, plaintiff was a minor, under the age of 21 years. Plaintiff was not negligent himself in riding on the platform of the hand car, and that plaintiff did not appreciate the danger of riding on the platform. That the receivers who employed plaintiff, while in the charge of the properties of the Chicago, Rock Island & Pacific Railway, made large improvements and betterments of the property, in excess of a million dollars, and that the property, with the improvements and betterments, was turned back to the original owners, the Chicago, Rock Island & Pacific Railway Company, and that the original owners of the property, defendants in this suit, were the owners and managers of the property at the time of the institution and trial of this suit.

### "Conclusions of Law.

"That defendant, railroad company, is liable to the plaintiff in the sum of $2,000 with interest from the date of the judgment at the rate of 6 per cent. per annum. That plaintiff did not assume the risk. That plaintiff was not guilty of contributory negligence. That plaintiff, by his next friend, J. E. Cawthorn, should have judgment against the defendant for the sum of $2,000 with interest at 6 per cent. per annum from date of the judgment until paid. That the release obtained from plaintiff is not a binding obligation or release upon the

plaintiff. That defendant should be credited with $100 paid to plaintiff by the receivers."

[1] Appellant presents nine assignments of error. It is claimed by the first assignment that the evidence does not sufficiently show betterments. It is well established in this state that a railroad company not being primarily liable for the acts of the receiver, arising from his negligence, on account of the receiver being an independent agent of the court and not the agent of the railroad, a state of facts must be shown creating the liability of said company. Railway v. McFadden, 89 Tex. 138, 33 S. W. 853; Hicks v. I. & G. N. Ry. Co., 62 Tex. 40; I. & G. N. Ry. Co. v. Perkins et al., 185 S. W. 657; Ft. Worth & R. G. Ry. Co. v. Zidell, 202 S. W. 351.

[2] Appellee was injured while an employé of the receiver, as such, of appellant's railroad, and engaged in operating the railroad. Damages occurring while the railroad is operated by the receiver are a part of the receiver's expenses incurred in operating the railroad and are payable out of the current earnings of the road, which earnings, if diverted by the receiver and placed in permanent improvements, or turned over to the railroad company without sale, make said company liable to the extent of the earnings diverted or turned over to the railroad company. Railway Co. v. Johnson, 76 Tex. 421, 13 S. W. 463, 18 Am. St. Rep. 60, and same case on appeal to United States Supreme Court, 151 U. S. 81, 14 Sup. Ct. 250, 38 L. Ed. 81; Holman v. G., H. & S. A. Ry. Co., 14 Tex. Civ. App. 499, 37 S. W. 464; I. & G. N. Ry. Co. v. Perkins, 185 S. W. 657; M., K. & T. Ry. Co. v. Chilton, 7 Tex. Civ. App. 183, 27 S. W. 272. At the time of filing this suit, the receiver had been discharged, and, to fix a liability for his cause of action on the appellant railroad, appellee alleged that the railroad properties had been returned to the company with betterments.

We think we need not quote in full the several exhibits, mostly in the nature of receipts from the railroad on final discharge, reports of the receiver, and final orders of the court accepting the report and discharging the receiver. The record does not show an inventory of the money and properties coming into the hands of the receiver from the railroad company on taking possession thereof under the orders of the court.

The appellant in its answer, after stating the fact of the receivership and the necessity therefor, its inability to meet the current demands upon it out of its current resources, alleged that appellant and the joint reorganization committee made a plan and agreement of reorganization, by which appellant and the committee offered to make provision of all indebtedness of appellant and of the receiver; that the holders of approximately 95 per cent. of debentures and 99 per cent. of the stock of appellant united in a plan and agreement of reorganization, under which it was contemplated that the railroads and properties of appellant should either be acquired by a new company or be reorganized through the present company for the benefit of all creditors and stockholders, and that such new or reorganized company should own and operate said railroads and properties after such reorganization; that the holders of 95 per cent. of the debentures and 99 per cent. of the stock of appellant agreed to the terms of said plan and to the offer of the reorganization committee, under which plan the stockholders were obligated to make payments in cash at the rate of $40 per share held by them, in return for which the stockholders were to receive 7 per cent. preferred stock of appellant, and agreed to accept as of July 1, 1917, cash representing interest unpaid upon their debentures, and to accept new 6 per cent. preferred stock of appellant in lieu of the principal of said debentures; and said reorganization plan provided that general claimants and creditors, except only those whose claims did not exceed $200, should be paid in the same way, i. e., limited so that, out of the assets and funds of appellant in the custody and control of the court, they should receive interest in cash, but principal in 6 per cent. preferred stock; that, in the absence of such a plan or reorganization, it would have been necessary to sell the property of appellant to pay the judgment recovered in the suit in which the receivership was had; that the court in which the receivership was pending approved said plan of reorganization and adopted same and provided specifically that all persons having claims against appellant or its receiver should present such to the master in chancery not later than July 14, 1917.

Pursuant to the provisions of a final order of discharge of the receiver as proposed by the said reorganization plan, appellant, through its president, filed in the court in which the receivership was pending an offer to the effect that it "will indemnify and hold harmless, and does hereby agree to indemnify and hold harmless, Jacob M. Dickinson, his heirs, executors, and administrators, from and against any and all claims, demands, liabilities, damages, costs, expense, or other matters whatsoever arising or accruing from all or any of his acts as receiver of" appellant. On the same day of the execution and delivery of the above obligation of indemnity, the receiver, Dickinson, executed to appellant a transfer of all of the properties of appellant then held by him as receiver. Among the properties transferred are those itemized and shown by Exhibit H introduced in evidence, showing additions and betterments, expenditures from April 20, 1915, to June 24, 1917, stating in the aggre-

gate "total expenditures for additions and betterments, $6,370,529.70." Note made a part of the exhibit recites:

"The expenditures are for additional tracks, structures, equipment,. etc., and for betterments of existing facilities."

The court, by its order of July 27, 1917, after citing the final report of the receiver as in compliance with its previous order of June 12, 1917, and also a statement of his receipts and disbursements as receiver, "and additions and betterments made by him as receiver to the property of the defendant railway company," approved the receiver's accounts filed, and, stating that the receiver having discharged his duties as receiver, accounted for all properties and assets, and "having fully carried out and performed all the duties placed upon him herein, or having secured the undertaking of the defendant, railway company, to perform the same, as provided in the final decree," discharged the receiver and his sureties upon his bond from all liability accruing subsequent to that time. The court, in its final decree embracing many lengthy paragraphs, after reciting the history of the case then pending, the various orders theretofore made, reviewed the plan of reorganization above outlined, the offer of appellant, and the joint reorganization committee as above stated, and decreed, among other things:

"The defendant railway company shall take over and assume the defense of all actions and suits at law or in equity against the defendant railway company and the receivers or receiver herein (there having been two receivers at one time) or against either or any of them, or in which they or any of them are or is a party defendant, pending and undetermined at the date of the entry of this decree, in any court or tribunal; that the property and assets of the defendant railway company are to be liable for the amounts of any judgments eventually obtained in any such actions and suits."

[3] Appellee suggests that in view of the assumption by appellant of the defense of all liability of the receiver, and the acceptance by the court thereof and its order turning over all property to appellant and discharge of the receiver with the decree as above, it was not necessary to show betterments. We are of the opinion the record does show that appellant assumed all liabilities of the receiver. The above-quoted order of the court, without the indemnity agreement, might be construed to limit the assumption of liability to suits pending and undetermined at the date of the entry of the decree; but we think the decree read in connection with the indemnity agreement can well be construed to embrace any and all liabilities of the receiver incurred during the receivership. If we properly construe the court's decree, we are not out of harmony with Railway v. McFadden, and Ry. v. Zidell, supra.

[4-6] If we have properly construed the court's decree and indemnity agreement, in view of appellee's pleading, alleging appellant's liability to rest upon betterments rather than upon an assumption of liability, is appellee relieved of the burden of showing betterments? The rule that a party will not be allowed to maintain inconsistent positions in judicial proceedings is not one strictly of estoppel, but rests more on considerations of orderliness, regularity, and expedition of litigation. It is like an agreement on the facts. If appellant unqualifiedly assumed the liability of the receiver as to appellee's cause of action, and by reason thereof secured the discharge of the receivership and redelivery to it of all properties, without sale, we believe the issue of betterments is immaterial in fixing appellant's liability. M., K. & T. Ry. Co. v. Chilton, 7 Tex. Civ. App. 183, 27 S. W. 272, and cases cited. But if we should be in error in so holding, we are of the opinion that the reorganization plan as perfected and the several orders, receipts, admissions, and assumptions found in the record in connection with Exhibit H is sufficient to show betterments, prima facie at least. The appellee, being an employé of the receiver at the time of his injury, and engaged in the operation of the properties, was entitled to payment by the receiver out of current receipts, if the injury resulted through the negligence of the receiver. In the absence from the record of any explanation of certain receipts executed to the receiver and of Exhibit H, we think it shows, prima facie, an expenditure of large sums of money in additions and betterments to the equipment of the road, and large sums of money, cash on deposit in various banks, amounts on deposit with stated agents, for the payment of interest and divisions, and amounts on deposit with trustees under indentures, and turned over by the receiver to appellant on final discharge. In the absence of a showing that these expenditures were made from moneys delivered to the receiver by appellant and reported as money received in the inventory taken at the beginning of the receivership, it seems fair and reasonable to presume that such expenditures were made from current earnings.

By second, third, fourth, and fifth assignments, it is contended that there was nothing in the final decree of the court in the receivership charging liability against appellant except upon condition that claims be presented to the special master in chancery. We have quoted and referred to the indemnity agreement and the court's order accepting same and discharging the receiver, in discussing the first assignment. The authorities we refer to do not sustain appellant's contention. M., K. & T. Ry. Co. v. Chilton, 7 Tex. Civ. App. 183, 27 S. W. 272, and cases cited, both state and federal. Appellant re-

fers us to T. & P. Ry. Co. v. Manton, Administrator of Bloom, 164 U. S. 639, 17 Sup. Ct. 216, 41 L. Ed. 580. We think the case does not sustain appellant's contention. The injuries there laid were received in 1888, before the enactment of article 2141, Vernon's Sayles. While the property was returned to the railroad company, without sale, it was not on petition of the company under an agreement of indemnity against any and all liability, and not on an order of the court, as here, that the railroad company take over and assume the defense of all actions and suits at law or in equity, both against the railway company and receiver, and the court's order of discharge of the receiver, we think, is necessarily and materially different from the order in the case at bar. We think we need not review the case.

[7] We cannot say that the court erred in finding that the receiver's foreman was guilty of negligence in ordering appellee to ride on the hand car, as claimed in the sixth and seventh assignments. Appellee was a minor and inexperienced in the use of hand cars. Lopez said there were four men pumping the car on the end he was on, and he was at the end of the handle. He said:

"A colored man was next to me. He was a large man. I fell off because, as we were pumping the car, every time we made a motion downward the colored man would strike me with his shoulder on my shoulder."

He said:

"There were four Mexicans, four negroes, and two white men on the hand car when my accident occurred."

Foreman Thompson said:

"Eight men is about the limit on a hand car, and the foreman generally rides on the water keg rack; that gives three on each end and one on each side between the handle bars."

[8] The eighth assignment asserts that the facts show as a matter of law that appellee assumed the risk, and that therefore the judgment is contrary to the law and evidence. The proposition is based on the statement that at the time of the injury appellee was returning from work upon an interstate railroad over which the court judicially knows interstate trains pass, and the risk is governed by the common law. Conceding that both appellant and appellee, at the time of the injury, were engaged in interstate commerce, which we do not decide, the cases to which we are referred, C., R. I. & P. Co. v. De Bord (Sup.) 192 S. W. 767, and Patton v. Dallas, 108 Tex. 321, 192 S. W. 1060, do not sustain appellant's contention. In this case, there is the total absence of all evidence that appellee knew of the danger of working on the hand car under the circumstances surrounding him at the time he received his injury, and the trial court so

found. The facts in this case do not justify the application of the principle invoked.

We have already discussed the question presented in the ninth assignment, and it is overruled.

Justice HIGGINS is of the opinion that the evidence is sufficient to sustain the finding of the trial court as to betterments made by the receiver, and that therefore the property, upon its return to defendant, stood charged with the payment of appellee's claim. It is upon this theory that he concurs in the holding that appellant is liable for the payment of the claim. He expresses no opinion as to the liability of defendant under the order of the court discharging the receiver, nor upon the holding that the record shows appellant assumed all liabilities of the receiver.

Finding no reversible error, the case is affirmed.