**MISSOURI–KANSAS–TEXAS R. CO. v. KING. (No. 7208.)**

(Court of Civil Appeals of Texas. San Antonio. Oct. 29, 1924. Rehearing Denied Nov. 12, 1924.)

1. **Railroads ☞212—Liability for liabilities of receiver not fixed by mere possession and operation after receiver's discharge.**

The mere fact that defendant company came into possession of railroad properties when receiver was discharged, and was operating the road, does not fix its liabilities for receiver's liabilities.

2. **Railroads ☞258—Purchaser not necessarily liable for receiver's debts.**

Purchase by new railroad company of properties of old company in hands of its receiver did not of itself cause new company to be charged with liability for receiver's acts.

3. **Receivers ☞179—Receiver proper party to action against company for acts during prior receivership.**

Receiver, while not liable, is a proper, if not necessary, party to action against railroad, after receiver's discharge, for failure to deliver goods shipped during receivership.

4. **Carriers ☞158(2)—Words in contract of shipment not sufficient declaration of value.**

The unintelligible words, "Rel. Val. 10.00 per cwt.," in a contract of shipment, would not meet the demands of the statute as to a declaration of value.

On Motion for Rehearing.

5. **Railroads ☞194(6)—Showing of purchase in way named in statute necessary for liability of purchaser for damages during receivership.**

To hold purchaser of railroad liable, under Rev. St. art. 6625, or its receiver, it must be shown that the purchase was in one of the ways named in article 6624.

Appeal from Bexar County Court; McCollum Burnett, Judge.

Action by J. H. King against the Missouri, Kansas & Texas Railway Company, amended to read the Missouri-Kansas-Texas Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Chas. C. Huff, of Dallas, and F. C. Davis and Marshall Butz, both of San Antonio, for appellant.

James F. Boyls, of San Antonio, for appellee.

FLY, C. J. This is a suit instituted by appellee against the Missouri, Kansas & Texas Railway Company of Texas, the name of which, in an amended petition, was alleged to have been' changed, after a receivership had terminated, to Missouri-Kansas-Texas Railroad Company of Texas; the object of the suit being to recover the value of certain personal property, damages for loss of time and for mental anguish, in the total sum of $679.25. The appellant answered by general denial and a plea that the shipment was interstate, and, according to the terms of the contract of shipment, appellee could only recover the sum of $10 per hundred pounds, the specified value of the property. The jury, in response to special issues, found that none of the property was delivered by appellant to appellee, and that it was of the value of $475, and judgment was rendered in favor of appellee for that sum.

In the first amended petition, upon which the trial was had, it was alleged that on or about April 1, 1923, the Missouri-Kansas-Texas Railroad Company of Texas acquired through a sale all of the property and franchises of the Missouri, Kansas & Texas Railway Company, acting through its receiver, and the first-named corporation thereby became liable, under the law, for all debts of the receiver. There was no allegation that there was any assumption of the debts by the new corporation, except that imposed by law by reason of such purchase. Those allegations were followed by allegations that the household goods of appellee were delivered to a connecting carrier at Lincoln, Ill., for transportation to San Antonio, Tex., and delivery to appellee; that the property was safely transported to San Antonio, and placed by the receiver in his warehouse, but was never delivered to appellee, although time and again demanded by him. It was not alleged that the receivership was ended by an order of the court appointing the receiver, or the conditions under which the receivership was ended, and the property placed in the hands of the new corporation.

[1] There was no allegation nor proof that the liability which is alleged to have accrued while the railroad properties were in the hands of a receiver, who was not made a party to the suit, was made a charge upon the corpus of the property, or that, when the receivership was ended, the debts incurred by the receiver were made a charge against the railway company or the purchasers of it. The mere fact that the present company came into possession of the properties when the receiver had been discharged, and was operating the railroad, did not fix its liability for the liabilities of the receiver. Railway v. McFadden, 89 Tex. 138, 33 S. W. 853; Railway v. Ballou (Tex. Civ. App.) 174 S. W. 337; Railway v. Zidell (Tex. Civ. App.) 202 S. W. 351; Railway v. Lopez (Tex. Civ. App.) 209 S. W. 192; Cigar Co. v. Reese Co. (Tex. Civ. App.) 210 S. W. 317; Railway v. Sellers (Tex. Civ. App.) 242 S. W. 275.

[2] The purchase by the new company of the properties of the old company, in the hands of the receiver, did not cause the

new company to be charged with liability for the debts of the receiver. It was not alleged that the court appointing the receiver made the liabilities incurred by him a charge upon the property of the railway company, nor that, when the sale of the property was made by the receiver, the court directed payment of the debts out of the proceeds. As said in the case of Railway v. McFadden, herein cited:

"But the charge so created proceeds from the order of the court, and does not arise by operation of law. It is to be presumed that the receivers in question were properly appointed, and we cannot hold that, from the mere fact that upon their discharge the company took charge of its property, it made itself liable either for a breach of their contracts or for their torts."

That decision is fully decisive of the points in this case, and it has been followed in every case in which the points have arisen since it was delivered.

[3] While not liable, the receiver was a proper, if not necessary, party, because he may have desired to defend against the charges of negligence preferred against him.

[4] The contract of shipment, nor any other evidence, showed that appellee had declared in writing, or agreed upon in writing, that the property was of a certain value. There was no evidence which brought the contract of shipment within the provisions of the federal statute. No value was placed in the body of the contract, and nothing was indicated therein, as to the value of the property. The unintelligible words, "Rel. Val. 10.00 per cwt." would not meet the demands of the statute as to a declaration of value.

This court would be justified in reversing the judgment and rendering a judgment in favor of appellant, but the record shows gross negligence in the receiver in failing to deliver the property, and, if appellant is liable, it should answer in damages, and, as the case was not developed as it should have been, we have concluded that the ends of justice would not be subserved by a rendition.

The judgment will be reversed, and the cause remanded.

### On Motion for Rehearing.

[5] Appellee seeks a rehearing on the ground that his case is brought clearly within the terms of article 6625, Rev. St. Tex., which makes the purchaser of the property and franchises of a railroad company liable "for loss of and damage to property sustained in the operation of the railroad by the sold-out company, and by any receiver thereof." In article 6624, the sales are described, under which the purchaser will be liable, and they are "the sale of the property and franchises of a railroad company, whether by virtue of an execution, order of sale, deed of trust, or any other power, or by a receiver acting under judgments heretofore or to be hereafter rendered by any court of competent jurisdiction."

The amended petition upon which this cause was tried does not attempt to show that appellant had purchased the property and franchises of the Missouri, Kansas & Texas Railway Company in any of the ways named in the statute, the only allegation being that the Missouri-Kansas-Texas Railroad Company "acquired, through a legal and lawful sale, all the lines of railway, properties, and assets of said original corporation, acting under C. A. Schafer, its duly authorized receiver."

There is no allegation that the receivership was ended, by whom the sale was made, or when or where made, or that any order of a court was made authorizing such sale. There are no allegations that bring the suit within the terms of articles 6624 and 6625, Revised Statutes of Texas, and there is not one circumstance tending to show the relation borne to the old corporation or its receiver by appellant. If appellant has purchased the properties and franchises of the old company, how did it obtain the same? This question is not answered in pleading or evidence, and there is nothing to indicate that the receivership has been ended. In order to obtain the benefits of the articles cited, appellee must plead and prove a purchase by appellant from the agencies named in those statutes, and the close of the receivership. It may be stated that a voluntary sale of its property and franchises by a railway company does not seem to be included in the terms of the two articles.

The court has exercised great clemency towards appellee in not rendering a judgment in favor of appellant, for no case against appellant is shown in allegation or proof.

The motion for rehearing is overruled.